UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF, )
    Plaintiff, )
  )
v. )
  ) Case No.:
U.S. Department of Transportation, )
Federal Aviation Administration )
  )
    Defendants )

FILED
OCT 2 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:05CV02071
JUDGE: Paul L. Friedman
DECK TYPE: Employment Discrimination
DATE STAMP: 10/21/2005

JURY ACTION

### COMPLAINT

COMES NOW, Appellant, Phillip S. Woodruff, ("Woodruff") and respectfully submits this Complaint under 5 U.S.C. §5584 and other applicable laws, and in furtherance thereof states:

**Statement of Facts**

Plaintiff was employed in August 1986 by the United States Department of Transportation, (DOT), Federal Aviation Administration (FAA). Plaintiff is a Division Manager, Grade 15 with over 25 years of Federal service. Plaintiff's on-the-job accident was September 29, 1995. Plaintiff's work schedule was flexible and he had an approved telecommuting agreement.

Plaintiff continued working full-time, *without LWOP*, until he went into Johns Hopkins for surgery on May 1, 1997. Plaintiff was also on detail to the Office of the Secretary of Transportation and the United States Senate for the majority of time following the September, 1995 accident until early 1997. The agency appears to have processed an additional detail in 1997 while Plaintiff was on total disability, recovering from work-related injuries.

Plaintiff returned from medical leave nine months later, in February 1998. Plaintiff requested return to his supervisory position. This request was denied. Plaintiff returned to full-time status in March 1998. His physicians released him to full-time status as long as his accommodations for his *disability* of a flexible work schedule and telecommuting continued. Plaintiff again requested that he be returned to his supervisory position. This request was again denied. This denial of his return to his position continued even though Plaintiff was working full-time. Plaintiff was working full time with a flexible work schedule and a telecommuting agreement that had been in place for several years. All accommodations were cancelled by September 1998. As a result of his denial of accommodations, Plaintiff's health deteriorated. As a result of the removal of accommodations and decline in health, Plaintiff became totally disabled and had to return to LWOP and workers' compensation status.

1. This claim arises from a decision made by the U.S. Equal Employment Opportunity Commission granting a Motion to Dismiss Plaintiff's claim. Plaintiff filed a complaint with the EEO Commission regarding discrimination based on race, color, national origin, sex, age, disability and reprisal regarding the Agency's Notification of Personnel Action reducing Plaintiff's salary and terminating Plaintiff's leave without pay status in an attempt to force him to retire.

2. That all of the issues raised in the complaint are not yet resolved and the relief has not been granted.

3. That the agency and the EEO have not addressed all of the issues raised in the EEO Complaint. There still remain material issues of dispute on matters raised in the Complaint.

4. Further, there remains as well genuine dispute of material facts regarding these issues that the Plaintiff addressed in his Complaint that have not been addressed by either the agency or the Court.

5. While the EEO decision states that the "other issues" were not identified, they are clearly noted in the evident in the record and EEO complaint.

6. Additional issues discussed with the Counselor at the informal stage, but not included in the Counselor's Report and Final Report include: time and attendance records, leave, leave buy-back, payroll, insurance, TSP, accommodations, hostile work environment, age and reprisal.

7. That the other issues also remain, i.e., further reprisal, the discrimination, subjection to a hostile work environment, no accommodations for disability, etc.

8. That it would be inappropriate to dismiss the case at this point without all of the issues and relief being reviewed and resolved. The Notice of Intent addresses only *a part* of the EEOC complaint and the relief.

9. The corrected action and relief has not been granted.

10. That the FAA and DOT have failed to thoroughly, fairly, and impartially investigate all of the claims and to properly consider mediation. The investigation performed by DSZ was clearly biased and not performed with the impartiality promised by the EEOC, FAA and DOT. It is well documented that the DSZ has a history with the Agency and is hired by the Agency just for this purpose.

11. That the actions of the agency intentionally mirror the deadlines and dates issued by the Court in the current Federal action, and continue to do so. Thus denying the Plaintiff a fair and complete investigation of all matters.

3

12. Issues raised with the counselor in the informal process were not reviewed or investigated or included in the Notice of Final Interview or the Counselor's Report.

13. It is clear that Plaintiff asked that the FAA Office of Civil Rights to continue counseling to resolve additional issues and he was told that it was not possible because of the limited extension. The Counselor fails to state that Plaintiff agreed to additional extensions to resolve other matters as is indicated on the Formal Complaint form. This evidences the agency's rush to the Final Agency Decision.

14. Further, this action forced the Plaintiff to sign the Notice of Final Interview in order to receive a copy of the Informal Counselor's Report. This report was received on July 29, 2004. That the agency EEO office strongly encouraged the formal Complaint.

15. The Plaintiff has on numerous occasions addressed the issue of mediation and ADR. However the agency has steadfastly refused to provide any opportunity for mediation. On the other hand, the agency has expedited the process, denying extensions for additional time to discuss resolution and by hiring independent contractors to conduct and prepare final agency decisions that have incomplete investigations, e.g. DSZ.

16. That on April 20, 2004, Plaintiff received via U.S. Mail, a "Notice of Personnel Action" that reduced his pay from $119,267.00 to $116,786.00; terminated his position with the FAA; terminated his Leave Without Pay Status to be effective on June 28, 2004.

17. That the Master Pay Record dated March 20, 2004 clearly shows Plaintiff's salary as $119,267.00

18. That this salary was subsequently changed and backdated by the agency, after the complaint was filed.

19. That a "job offer" made by the agency, was part of the Court Ordered settlement offer and is in current litigation pending in the United States Court of Appeals. This "offer" was made with the agency's knowledge that the Plaintiff remained on disability, and could not return to work, thus forcing the Plaintiff to decline the offers.

20. That the Plaintiff denies Defendant's statement that Plaintiff gave verbal indication in 2003 as to when he could return to work.

21. That the LWOP status was *only* extended to December 2004 and only after intense negotiations by the Plaintiff and his representatives.

22. That the actions continue. The agency, again, in December of 2004, agreed to extend Plaintiff's LWOP until June 2005, and then again review the updated medical reports. The SF-50's, however, had not been received reflecting the new 2005 pay record adjustment and current position, organization, etc. This is all crucial to the Plaintiff.

23. That current OWCP compensation actually received is less than 50% of current salary as noted on the SF-50.

24. That the agency's statement that Plaintiff remains to be on LWOP is a genuine issue of material fact. The LWOP is set to end in June 2005. Plaintiff has never received an SF-50.

25. That the agency has made no attempts to address accommodations for the Plaintiff.

26. Termination forces retirement and permanently reduces benefits, salary and promotional opportunities.

27 That attempts to force retirement are clearly demonstrated in the documentation of the informal EEOC report, the formal EEOC report, and the Report of Investigation.

28.    There remains a continuing pattern of reprisal and discrimination.

29.    That the agency's statement that they are devoid of any action or conduct to force Plaintiff to retire is *false*.

**WHEREFORE,** the Plaintiff, Phillip S. Woodruff, respectfully requests that the Court:

a). Reverse the decision of the EEO Commission and further;

b). Grant that all issues of the EEO Complaint filed by the Plaintiff be fully and properly investigated and addressed by the appropriate authorities; and further

c). For such other relief that the Court may deem necessary.

Respectfully submitted,

_____
Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD  20772
(301) 868-9383
*Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,  )
  )
   Plaintiff,  )
  )
v.  )
  )  Case No.:
  )
U.S. Department of Transportation,  )
Federal Aviation Administration  )
  )
   Defendants  )
  )
_____ )

### REQUEST FOR JURY TRIAL

    Plaintiff, Phillip S. Woodruff, respectfully request this Court for a Jury Trial in the above captioned matter.

                                          Respectfully submitted,

                                          /s/ Phillip S. Woodruff
                                          Phillip S. Woodruff