UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,

    Plaintiff,

v.

U.S. Department of Transportation,
Federal Aviation Administration

    Defendants

Case No.: 05-CV-2071 (PLF)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S ENLARGEMENT OF TIME TO FILE ANSWER AND MOTION FOR REVERSAL OF DEFENDANT'S ENLARGEMENT OF TIME TO FILE ANSWER

Plaintiff respectfully moves, pursuant Local Rule 7 and the Federal Rules of Civil Procedure Rule 60, and other applicable laws and administrative procedures, that the enlargement of time received by and granted by the court on December 23, 2005 be REVERSED, and that the Defendant be ORDERED to file their Answer as originally scheduled in the Docket in this case, and in furtherance thereof states:

    1.    The Assistant U.S. Attorney has totally misrepresented the facts to the Judge and the Court. The Defendant fails to state that within hours of receiving two telephone calls from the Defendant's "paralegal," Richard Dolfe, the Plaintiff telephoned Mr. Dolfe from Johns Hopkins Hospital on December 21, 2005. Plaintiff advised Mr. Dolfe that he was responding to a voice mail message made to Plaintiff's home earlier that day.

    The Defendant's "paralegal," Mr. Dolfe, on the afternoon of December 21, 2005, could not tell Plaintiff, the Case Number; whether or not the case was in the Appellate Court or the

RECEIVED

DEC 28 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

District Court; or any other information identifying the case. Plaintiff requested that the Assistant U.S. Attorney's office provide a telephone message with the information following this conversation, and Plaintiff would be sure that someone would respond as soon as possible.

2. Plaintiff and Defendant agency are involved in additional litigation and administrative actions. Assistant U.S. Attorney Peter Smith, is the attorney in the other actions.

3. That evening, Mr. Dolfe, the paralegal from the Assistant U.S. Attorney's office left a telephone message with the case number.

4. That same evening, December 21, 2005, a paralegal researched the issue for the Plaintiff, identified the case, and subsequently called the Assistant U.S. Attorney's paralegal and left a message to inform him of Plaintiff's opposition to any extension.

5. The Plaintiff states that no good cause has been shown for this enlargement of time, in this case, and that in fact the Plaintiff was told by a "paralegal" at the Assistant U.S. Attorney's office, Richard Dolfe that "Peter Smith was going to be out for the Holidays," and therefore wanted additional time to prepare the Answer. There was no mention of a dispositive motion.

6. **Neither the U.S. Attorney's office nor the paralegal for this office indicated that the extension of time was for filing a dispositive motion as pursuant to Local Rule 7(m). They totally misrepresented why they wanted the extension and the reason for the extension. This is a breach of the duty of counsel.** Defendant did not contact Plaintiff to confer on any Motion as they note pursuant Local Rule 7(m).

7. **This action was filed on October 21, 2005. Peter Smith, Esq. has had this case since November 7, 2005.** The time for response is January 3, 2006. The Assistant U. S.

2

Attorney has been aware of the Holidays all year. To request additional time due to the "holidays," on December 20, 2005 is absurd.

8. Plaintiff also finds it highly unlikely that the agency's counsel has been out of the office since early November. The Assistant U.S. Attorney has had two months to meet with the agency counsel to discuss this case.

9. In further support of this Motion, Plaintiff states as follows: Ethical standards for attorney in the government have been violated. Misleading the court in order to get an extension of time which is damaging to the Plaintiff and beneficial to the Defendant is wrong.

10. To state that the AUSA will need to coordinate with the Agency is no reason for an extension. This is done in the normal course of business. And again, they have had this case since early November 2005.

11. Plaintiff has very recently granted, without question, the AUSA as many as four (4) extensions in another case to coordinate with the agency, due to medical issues of the agency attorney. A justification and discussion was made in every situation. The rules were followed. This is not the case here.

12. The AUSA's makes the following statement to the court: **"Granting this motion would allow the Defendant to prepare and file the anticipated motion to dismiss, which would dispose of this case and thus is in the interest of judicial economy."** This statement is not supported by any facts. What evidence is relied upon to assume that this case will be dismissed? To assume that the Asst. U.S. Attorney can dispose of this case on January 27, 2006 is preposterous.

13. This extension will certainly provide an advantage by not having to provide answers to a legitimate complaint as scheduled. The continued delays increase the cost to the

3

Plaintiff and give every advantage to the Defendant. It is not in the interest of Judicial Economy. It is essential to the proper administration of Justice that the Answer be filed timely.

**WHEREFORE,** Plaintiff respectfully requests this Court to **REVERSE** Defendant's Enlargement of Time to Answer Plaintiff's Complaint, and for such other relief as deemed necessary and fair.

Respectfully submitted,

/s/ Woodruff

Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, Maryland 20772
301-868-9383
*Plaintiff*

4

CERTIFCATE OF SERVICE

I HEREBY CERTIFY, that on this _28_ day of _December_, 2005, a copy of the above pleading was sent via certified mail, return receipt to:

Peter Smith, Asst. U.S. Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C.  20530

_____
Phillip S. Woodruff

6