UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Phillip S. Woodruff,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-2071 (PLF) |
| | ) | |
| **U.S. Department of Transportation** | ) | |
| **Federal Aviation Administration,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REVERSAL OF DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE ANSWER

On December 22, 2005, Defendant moved under Fed. R. Civ. P. 6(b), for an enlargement of time until January 27, 2006, to file its answer or otherwise to respond to the Complaint in this case. Document No. 3. By Minute Order dated December 23, 2005, the Court granted that motion. On December 28, 2005, pro se Plaintiff Phillip S. Woodruff filed his Opposition to Defendant's Enlargement of Time to File Answer and Motion for Reversal of Defendant's Enlargement of Time to File Answer (Pl. Mot.). Document No. 8. To the extent that the Court treats Plaintiff's filing as a motion for reconsideration, Defendant files this opposition to that motion.

Plaintiff's Motion makes numerous serious, and false, allegations that Defendant, through the Office of the United States Attorney for the District of Columbia, made various "misrepresent[ations]" to the Court in Defendant's Motion, Document No. 3. See, e.g., Pl. Mot. at 2. Plaintiff's allegations that the undersigned counsel "misrepresented why they wanted the extension and the reason for the extension," see id., are premised upon a misunderstanding of the requirements of Local Civil Rule 7(m).[1]

---

[1]  To the extent that Plaintiff is arguing that the alleged "misrepresent[ations]" are the reasons offered in Defendant's motion themselves as opposed to our discussion of the requested relief with Plaintiff, those reasons were set forth in a legally operative document signed under Fed.

In addition, on page 2 of his Motion, Plaintiff states flatly that "Defendant did not contact Plaintiff to confer on any Motion as they note pursuant to Local Rule 7(m)." Plaintiff is mistaken. Plaintiff's own motion concedes that Plaintiff discussed the motion with the staff of the Office of the United States Attorney. Pl. Mot. at 1, ¶ 1. Plaintiff's argument seems to be, at bottom, that the various communications he summarizes in his motion, at paragraphs one through four, do not constitute sufficient discussion for purposes of Rule 7(m).

First, Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing counsel." The Rule does not require counsel to confer with pro se parties about non-dispositive motions. Nonetheless, as we did here, it has been the general practice of this office to attempt to discuss such motions with non-prisoner pro se parties. Second, the Rule defines the required discussion as "a good faith effort to determine whether there is any opposition to the relief sought . . . ." That is exactly what this office did. Third, Plaintiff's own motion concedes as much, setting forth the various communications between the United States Attorney's Office and pro se Plaintiff. This office's contact with Plaintiff did constitute a discussion of the relief requested in the anticipated nondispositive motion and, as explained above, is, in the first instance, governed by Local Civil Rule 7(m). This office is not required to go beyond the requirements of Rule 7(m) in explaining the anticipated motion to Plaintiff. To the extent Plaintiff alleges that this office should have done more, his argument is not supported by LCvR 7(m). Although Mr. Woodruff claims that the office did not contact him to confer at all, his own filing contradicts that statement. The office contacted Mr. Woodruff to discuss the motion, who chose to respond through a voice mail left by some one claiming to be his paralegal and stating

---

R. Civ. P. 11. Should the Court wish more information about the reasons set forth in Defendant's motion, we will provide affidavits or other materials upon request. However, we note that the fact that Plaintiff disagrees that, for example, a dispositive motion will resolve this case, does not mean that Defendant "misrepresented" those reasons.

that Plaintiff opposed the requested extension.

    For the foregoing reasons, Plaintiff's motion should be denied.

                              Respectfully submitted,

                              /s/

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                              /s/

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

                              /s/

PETER SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3rd day of **January**, 2006, a true and correct copy of the foregoing opposition was served upon pro se Plaintiff **Phillip S. Woodruff,** by first class United States mail, postage prepaid, to:

        **Phillip S. Woodruff**
        **10812 Brookwood Avenue**
        **Upper Marlboro, MD 20772**

        _____/s/_____
        PETER S. SMITH, D.C. Bar #465131
        Assistant United States Attorney
        United States Attorney's Office
        Judiciary Center Building
        555 4th Street, N.W., 10th Floor
        Washington, D.C. 20530
        (202) 307-0372