UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Phillip S. Woodruff, | ) | |
|         Plaintiff, | ) | |
|         v. | ) | Civil Action No. 05-2071 (PLF) |
| | ) | |
| U.S. Department of Transportation | ) | |
| Federal Aviation Administration, | ) | |
| | ) | |
|         Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT OR FOR TRANSFER**

Defendants Untied States Department of Transportation and the Federal Aviation Administration respectfully move the Court, pursuant to Rules 8(a), 12 (b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all of Plaintiff's claims in this action on the grounds that Plaintiff has failed to set forth a short and plain statement of his claims, that the Court lacks subject-matter jurisdiction over certain of Plaintiff's claims, and that, to the extent that this is a contract action seeking monetary relief in excess of $10,000 the Complaint must be dismissed or the case transferred to the United States Court of Federal Claims. Alternatively, Defendant moves the Court for an order that the Plaintiff amend his complaint to make a more definite statement of his claims. In support of this Motion, Defendant submits the attached memorandum of points and authorities and a proposed order.

                                                                                                                    Respectfully submitted,

                                                                                                                    _____

                                                                                                                    KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                                                                                                    United States Attorney

                                                                                                                    _____

                                                                                                                    R. CRAIG LAWRENCE, D.C. BAR # 171538
                                                                                                                    Assistant United States Attorney

                                                _____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip S. Woodruff,<br>    Plaintiff,<br>    v.<br><br>U.S. Department of Transportation<br>Federal Aviation Administration,<br><br>    Defendants. | )<br>)<br>)  Civil Action No. 05-2071 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

**INTRODUCTION**

Pro se Plaintiff Phillip Woodruff's vague complaint states that it is brought "under 5 U.S.C. § 5584," a statutory provision that concerns the right of the federal government to seek reimbursement for overpayments made by the federal government. Compl. at 1. However, Plaintiff's allegations sound as thought they relate to employment discrimination and would thus fall within the ambit of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16. See, e.g., Compl. at ¶¶ 1 (referencing the EEOC and EEO administrative proceedings), 3-15 (same). In Brown v. General Services Admin., 425 U.S. 820, 829 (1976), the Supreme Court declared that Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16, created "an exclusive, preemptive administrative scheme for the redress of federal employment discrimination."

For the reasons set forth in this memorandum, the Court, pursuant to Rules 8(a), 12 (b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, should dismiss Plaintiff's Complaint because he has failed to set forth a short and plain statement of his claims, because the Court lacks subject-matter jurisdiction over certain of Plaintiff's claims, and because, to the extent that

Plaintiff is seeking monetary relief in contract that exceeds $10,000, the Complaint must be dismissed or transferred to the United States Court of Federal Claims. Alternatively, the Court should enter an order requiring the Plaintiff amend his complaint to make a more definite statement of his claims.

I.   ARGUMENT

    A.   **<u>Legal Standard of Review for Motion to Dismiss.</u>**

Defendant moves to dismiss Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require somewhat different standards of review. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." <u>Thompson v. Capitol Police Board</u>, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." <u>Rann v. Chao, Dep't. of Labor</u>, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), <u>affirmed</u>, 346 F.3d 192 (D.C. Cir. 2003), <u>cert. denied</u>, 125 S. Ct. 35 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." <u>Thompson</u>, 120 F. Supp. at 81. A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. <u>Herbert v. National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of

jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. In connection with this rule, Defendant has submitted herewith materials from Plaintiff's other cases.

Similarly, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

While a complaint filed by a pro se litigant such as Mr. Woodruff is held to a less stringent standard than a pleading drafted by a lawyer, pro se litigants still must comply with the Federal Rules of Civil Procedure. United States v. Funds from Prudential Securities, 362 F.Supp.2d 75, 82 (D.D.C. 2005) (citing Jarrell v. Tisch, 656 F.Supp. 237, 239 (D.D.C. 1987), which was cited with approval in Moore v. USAID, 994 F.2d 874, 876 (D.C. Cir. 1993)). Applying these various legal standards demonstrates that Plaintiff's Complaint should be

3

dismissed.

> B. **The Complaint Should Be Dismissed under Fed. R. Civ. P. Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.**

Rule 8(a) requires, inter alia, "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." This is especially important when applied to lawsuits against the government because it is well-settled that the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); United States v. Testan, 424 U.S. 392, 399 (1976). Thus, a waiver of sovereign immunity is a jurisdictional prerequisite to maintaining a lawsuit against the Federal government. United States v. Mitchell, 463 U.S. 206 (1983); United States v. Shaw, 309 U.S. 495, 500-01 (1940).[1]

It is not enough for Plaintiff merely to state that he has been aggrieved. He must identify a cause of action under which he can bring suit. Where the Federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) ("a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'"). See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000), affirmed, 22 Fed. Appx. 14 (D.C.

---

[1] While in general Plaintiff's Complaint could be read to raise claims that would fall under Title VII's waiver of sovereign immunity, some of the allegations do not appear to fall within Title VII's reach.

Cir. 2001). While the Complaint is subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, as it contains no citation to authority that would actually grant the Court subject matter jurisdiction over the Complaint, more significantly, it appears that the Court lacks jurisdiction to award the remedies Plaintiff seeks in this case.

> 1. <u>The Statute Cited By Plaintiff as the Jurisdictional Basis for His Lawsuit, the Settlement of Accounts Statute, Does Not Convey Subject Matter Jurisdiction on The Court</u>.

Plaintiff purports to bring this suit under the Settlement of Accounts statute, 5 U.S.C. § 5584 <u>et seq</u>. Compl. at 1. However, Plaintiff's Complaint also states that his "claim arises from a decision made by the U.S. Equal Employment Opportunity Commission," Compl. at ¶ 1, that Defendants "failed to thoroughly, fairly, and impartially investigate all of the [EEO] claims and to properly consider mediation," Compl. at ¶ 10, and that Defendants "reduced his pay . . . [and] terminated his position with the FAA . . . ." Compl. at ¶ 16. Plaintiff requests as relief, <u>inter alia</u>, that the Court "[r]everse the decision of the EEO Commission" and issue an order requiring that his EEO complaint "be fully and properly investigated." Compl. at page 6.

Plaintiff relies upon 5 U.S.C. § 5584, as the jurisdictional basis for his Complaint. However, 5 U.S.C. § 5584 does not confer subject matter jurisdiction upon this Court. A party bringing a claim against a federal agency must identify not only the source of his substantive right but also a specific waiver of sovereign immunity that permits his claim to be heard. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980). 5 U.S.C. § 5584 does not contain a waiver of sovereign immunity nor does it create any cause of action against a federal agency. The text of 5 U.S.C. § 5584 reads (in pertinent part):

> § 5584. Claims for overpayment of pay and allowances, and of travel, transportation and relocation expenses and allowances
>
> **a)** A claim of the United States against a person arising out of an erroneous payment of pay or allowances made on or after July 1, 1960, or arising out of an erroneous payment of travel, transportation or relocation expenses and allowances, to an employee of an agency, the collection of which would be against equity and good conscience and not in the best interests of the United States, may be waived in whole or in part by--
>
> **(1)** the authorized official;
>
> **(2)** the head of the agency when--
>
> > **(A)** the claim is in an amount aggregating not more than $1,500; and
> >
> > **(B)** the waiver is made in accordance with standards which the authorized official shall prescribe; or
>
> **(3)** the Director of the Administrative Office of the United States Courts when the claim is in an amount aggregating not more than $10,000 and involves an officer or employee of the Administrative Office of the United States Courts, the Federal Judicial Center, or any of the courts set forth in section 610 of title 28.

The plain language of the provision states that the provision concerns the right of the United States to seek or to waive reimbursement for overpayments. The statute is silent about creating a cause of action for private parties against the government. As explained above, the Court cannot infer a cause of action against the federal government where one is not expressly set forth in a statutory provision. Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981) ("a waiver of [sovereign] immunity . . . must be 'unequivocally expressed'").

Moreover, the cited statutory provision no longer applies to Defendants. Congress authorized the FAA to establish a unique Personnel Management System (PMS) in the Fiscal Year 1996 Department of Transportation Appropriations Act, Public Law 104-50, § 348, and

simultaneously exempted the FAA from certain statutes– among those 5 U.S.C. § 5584. See Section 347 of the Department of Transportation Appropriations Act.

      2.      To the extent Plaintiff Seeks Monetary Relief over $10,000.00, this Case must be dismissed or Transferred.

It is unclear from the Complaint how much money is at issue or whether this is a contract case. The Complaint, at paragraph 16, complains that Defendants reduced Plaintiff's pay. Notably, Plaintiff does not directly request any monetary relief in his Complaint. To the extent that the Court determines that Plaintiff is seeking monetary relief in excess of $10,000 and his claim sounds in contract, it would fall under the Tucker Act, 28 U.S.C. §1491(a)(1) and should be dismissed for lack of subject matter jurisdiction, or alternatively transferred to the United States Court of Federal Claims ("Claims Court") pursuant to 28 U.S.C. §1631. See International Engineering Co., Inc. v. Richardson, 512 F.2d 573, 581 (D.C. Cir. 1975), cert. denied, 423 U.S. 1048 (1976); Associated Financial Corp. v. Kemp, 769 F. Supp. 398, 403 (D.D.C. 1991).

The Claims Court exercises exclusive jurisdiction over non-tort monetary claims against the United States. 28 U.S.C. §1491(a)(2).[2] It is a well recognized principle that the Claims Court's jurisdiction cannot be side-stepped by framing an essentially monetary claim in equitable terms. Van Drasek v. Lehman, 762 F.2d 1065, 1071 n.11 (D.C. Cir. 1985); Heller, Ehrman, White & MacAuliffe v. Babbitt, 992 F.2d 360, 363 (D.C. Cir. 1993) (plaintiffs "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction."). Plaintiff seems to be seeking a windfall by asking the Court to overturn Defendants'

---

[2] The Claims Court has, in fact, ordered correction of payment deficiencies, (see e.g., Skinner v. United States, 594 F.2d 824 (1979); Sanders v. United States, 594 F.2d 804 (1979); Burd v. United States, 19 Cl. Ct. 515 (1990); Casey v. United States, 8 Cl. Ct. 234 (1985)).

7

determination regarding overpayments he received. Compare Compl. at 1 (citing 5 U.S.C. § 5584) and Compl. at ¶ 16 (alleging pay reduction). Accordingly, to the extent that Plaintiff is advancing a contract claim where more than $10,000 is in controversy, the Complaint should be dismissed for lack of subject matter jurisdiction or, alternatively, transferred to the Court of Claims pursuant to 28 U.S.C. §1631.

        3.     <u>Plaintiff Cannot Bring the Same Claims in Multiple Lawsuits</u>.

Plaintiff has at least two other cases pending that raise claims he seems to be attempting to raise in this case. In <u>Woodruff v. USDOT and FAA</u>, Civil No. 05-1367 (RMU), Plaintiff seeks reversal of Defendants' decision concerning an overpayment. A copy of the complaint in that case is attached for the Court's convenience as Ex. 1. That case involves the same parties and asserts the same basis for subject-matter jurisdiction (5 U.S.C. § 5584) as in this case. In addition, Mr. Woodruff has an appeal pending before the Court of Appeals concerning claims of employment discrimination. A copy of Plaintiff/Appellant's final brief is attached for the Court's convenience as Ex. 2. Similar to this case, Plaintiff's appeal concerns the alleged denial of Plaintiff's request to return to his supervisory duties and contains allegations relating to alleged disabilities, his leave status and his inability to report to work. Compare Compl. at page 2 with Appellant's Final Brief at page 8.

The United States Court of Appeals for the District of Columbia Circuit recently noted that: "separate parallel proceedings have been long recognized as a judicial inconvenience." <u>Handy v. Shaw, Bransford, Veilleux & Roth</u>, 325 F.3d 346, 349 (D.C. Cir. 2003) (quoting <u>Columbia Plaza Corp. v. Sec. Nat'l Bank</u>, 525 F.2d 620, 626 (D.C. Cir. 1975) ("sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and

money incidental to separate litigation of identical issues should be avoided")).  Where two actions involving the same parties and identical issues are pending in <u>different</u> federal district courts, the United States Supreme Court has stated that the "general principle is to avoid duplicative litigation."  <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976) (citations omitted).  That is essentially the situation here.  The Court should dismiss this case in order to avoid the unnecessary time and expense of litigating the same claim between the same parties in two different courts.  In addition, dismissal would prevent the potential that different judges within this District and/or the Court of Appeals may reach inconsistent results if the claims proceed as separate cases.  The Court may, in its discretion, dismiss a claim that is also raised in another proceeding.  <u>Handy</u>, 325 F.3d at 350-51.[3]

    4.    <u>It is Well Settled That There is No Cause of Action for the Mishandling of the Processing of an Administrative EEO Complaint</u>.

Here, many of Plaintiff's allegations concern the administrative processing of his EEO complaint.  In fact, Plaintiff's requested relief includes an order requiring Defendants to investigate his administrative complaint.  <u>See also</u> Compl. at ¶¶ 1 (referencing alleged deficiencies in EEO administrative proceedings), 3-15 (same).  It is well settled that Title VII does not provide a cause of action concerning the administrative processing of an EEO complaint.  <u>See</u> <u>Carter v. Greenspan</u>, 304 F.Supp.2d 13, 31 (D.D.C. 2004) (citing <u>Nelson v. Greenspan</u>, 163 F.Supp.2d 12, 18 (D.D.C. 2001)).  Thus, Plaintiff's claims concerning the

---

[3] <u>Handy</u> involved review of the District Court's dismissal of a lawsuit also brought in D.C. Superior Court and noted that federal courts should decline jurisdiction over such cases only in "exceptional circumstances."  Here, however, Plaintiff seems to have brought similar claims in three different federal lawsuits in this circuit.  Consistent with the D.C. Circuit's direction, here the Court should dismiss the claims in this case that currently are pending in the earlier-filed actions.

administrative processing of his complaint must be dismissed.

### C. The Complaint Should be Dismissed Under Fed. R. Civ. P. 12(b)(6) Because Plaintiff Has Failed To Timely Exhaust His Administrative Remedies.

Defendants are hampered in making an exhaustion argument in light of the vague nature of the Complaint. Due to the Complaint's failure to set forth plainly the claims asserted, Defendants reserve any applicable exhaustion arguments not made in this Motion.

The exclusive remedy for a federal employee who claims employment discrimination is Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. Plaintiffs must comply with Title VII's administrative exhaustion requirements as a precondition to their suit. See United Airlines, Inc. v. Evans, 431 U.S. 553, 555 (1977); Bayer v. Department of Transportation, 956 F.2d 330, 332 (D.C. Cir. 1992) (citing Brown v. General Services Administration, 425 U.S. 820 (1976)). Only upon exhaustion of administrative proceedings is a complainant entitled to proceed in district court. Chandler v. Roudebush, 425 U.S. 840 (1976); Saksenasingh v. Department of Education, 126 F.3d 347, 350 (D.C. Cir. 1997). Claims that a party failed to exhaust his or her administrative remedies are properly raised via a dispositive motion raised pursuant to Rule 12(b)(6). Keith v. The United States Railroad Retirement Board, 2003 U.S. Dist. Lexis 17067 (D.D.C. 2003). See also Smith-Haynie v. District of Columbia, 155 F.3d 575 (D.C. Cir. 1998).

In the context of federal discrimination claims, administrative "exhaustion" requires the plaintiff to file a timely administrative charge. Kizas v. Webster, 707 F.2d 524, 543 (D.C. Cir. 1983) (Title VII). To raise a claim under Title VII, a plaintiff must first exhaust his

administrative remedies by contacting an EEO counselor within forty-five (45) days of the alleged discriminatory event and subsequently filing an administrative complaint. Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996); 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.407.  "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary." Brown v. Marsh, 777 F.2d 8, 14 (D.C.Cir.1985); see also Sommatino v. United States, 255 F.3d 704, 710 (9th Cir. 2001).  Compliance with the above-mentioned procedures is mandatory.  The Supreme Court recently emphasized that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." National Railroad Passenger Corp. v. Morgan, 536 U.S.101, 110 (2002).

     Plaintiff's Complaint states explicitly that "on April 20, 2004" he received notice that his pay had been reduced.  Compl. at ¶ 16.  Plaintiff's Complaint references the EEO process, but never identifies a specific complaint or allegation before the agency.  See, e.g., Compl. at ¶¶ 1 (referencing EEOC and EEO administrative proceedings), 3-15 (same).  Plaintiff never states that he exhausted his remedies.  In fact, the Complaint states that "the agency and the EEO have not addressed all of the issues raised in the EEO Complaint."  Compl. at ¶ 3.  Plaintiff says that the EEOC dismissed his claims, but never says whether he appealed the EEOC's ruling or what measures he took to exhaust his complaint administratively.  See Compl. at ¶ 1.  Because Plaintiff's Complaint fails to adequately allege that Plaintiff has exhausted his administrative remedies, the Complaint must be dismissed.

...

### D. **Plaintiff's Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a) or, alternatively, Plaintiff Should Be Required to File a More Definite Statement.**

Plaintiff's Complaint is vague and confusing. As noted, Defendants have no way of determining whether Plaintiff timely exhausted his administrative remedies, or even what claims are before the Court. Plaintiff references numerous issues that he claims were not addressed administratively. Compl. at ¶¶ 6-7. Defendant thus is left to speculate about what claims are actually before the Court, whether those claims are being raised pursuant to Title VII, and whether, if so, those claims were exhausted administratively.

Under the Federal Rules, the principal function of the Complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion. Here, the Complaint fails to meet even these minimum requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id. Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters

set forth.
Id.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Because Plaintiff's Complaint has failed to comply with the Rules, it should be dismissed.

Alternatively, the Court should enter an order pursuant to Fed. R. Civ. P. 12(e) requiring Plaintiff to amend the Complaint in order to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

A more definite statement of Plaintiff's claims is critical because, to the extent Plaintiff is advancing Title VII claims, he must have filed a timely administrative claim with the employing agency and exhausted his administrative remedies before filing a civil action. Brown v. General Services Administration, 425 U.S. 820, 832-33 (1976); see also Jarrell v. United States Postal Service, 753 F. 2d 1088, 1091 (D.C. Cir. 1985) (a timely administrative charge is a prerequisite to initiation of a Title VII action in District Court); McKenzie v. Sawyer, 684 F. 2d 62, 72 (D.C.

Cir. 1982) (a crucial feature of the plaintiff's case is a showing that the alleged Title VII charge is timely); Cones v. Shalala, 945 F.Supp. 342, 348 (D.D.C. 1996) (failure to pursue administrative claims bars subsequent federal court action).

Plaintiff's Complaint lacks the necessary specificity to enable Defendants to understand the nature of the claims against them.  Rather, Plaintiff's Complaint appears to be a contract action, references and complains about EEO proceedings, and seeks as relief remedies the Court has no statutory basis for awarding.[4]  If the Court does not dismiss the Complaint outright, it will be exceedingly difficult for Defendants to proceed with discovery, or even to prepare an answer to the Complaint, without a more definite statement of the specific alleged wrongful acts that serve as the bases of Plaintiff's claims for relief.  See, e.g., October 18, 2005 Memorandum Opinion and Order at 9, Clariett v. Rice, Civil Action No. 04-2250 (RJL), (ordering plaintiff to file a more definite statement where "it is unclear whether plaintiff exhausted administrative remedies with respect to [certain] Title VII claims"), a copy of which is attached as Ex. 3.

---

[4] In addition, if this is in fact an action under Title VII, it must be dismissed for failure to name the proper defendant: the agency head.  See 42 U.S.C. § 2000e-16(c).

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed or transferred to the United States Court of Federal Claims. In the alternative, the Court should order Plaintiff to amend his Complaint so as to make a more definite statement of his claims.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 27th day of January, 2006, a true and correct copy of the foregoing motion to dismiss, supporting materials and proposed order were served upon pro se Plaintiff **Phillip S. Woodruff,** by first class United States mail, postage prepaid, to:

**Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772**

_____/s/_____
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372