UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 FEB 10 PM 3:08

NANCY M.
MAYER-WHITTINGTON
CLERK

PHILLIP S. WOODRUFF, )
)
    Plaintiff, )
)
v. )
) Case No.: 05-CV-2071 (PLF)
U.S. Department of Transportation, )
Federal Aviation Administration )
)
    Defendants )
)
)
)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR FOR TRANSFER AND MOTION TO AMEND COMPLAINT

**COMES NOW,** Phillip S. Woodruff, Plaintiff and respectfully requests this Court to Deny Defendant's Motion to Dismiss or Transfer and in furtherance thereof states:

1. This case arises from an EEO case that was decided on July 19, 2005. (Exhibit 1)

2. That the *pro se* Plaintiff erred in citing 5 U.S.C. §5584.

3. That *pro se* Plaintiff did however note that other applicable laws applied to his case, and this case falls within Title VII of the Civil Rights Act.

4. That the Plaintiff properly and timely contacted an EEO counselor on May 19, 2004, within 45 days of April 20, 2004. (Exhibit 2), and timely filed an administrative complaint.

5. That the Plaintiff properly and timely filed a complaint with the U.S. Equal Employment Opportunity Commission following the decision by the EEOC.

6. That as a result of the decision by the U.S. Equal Employment Opportunity Commission, Plaintiff filed a timely Complaint, as allowed by law, with the U.S. District Court. (Exhibit 3, July 25, 2005 letter from the U.S. Department of Transportation - "Within 90

calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court.")

7. That the facts, dates and specific issues filed in this EEOC claim and in this Complaint are NOT the same as in other matters Plaintiff currently has before the U.S. District Court or the U.S. Court of Appeals.

8. That this is not a parallel proceeding.

9. That this EEO claim and case is NOT a part of the Second Amended Complaint filed with the U.S. District Court that is currently on Appeal.

10. That this EEO Claim is not a part of the "third EEO claim" filed by Plaintiff previously, and now part of the Second Amended Complaint, but in fact a brand new EEO claim filed by the Plaintiff regarding the action of the agency on April 20, 2004.

11. That the issues in this matter in fact deal with the termination of LWOP action filed by the agency on April 20, 2004, and the agency's paperwork involving this adverse personnel action, federal job termination and forced retirement, which is a totally new action.

12. That this matter deals with the discrimination, termination and other actions of the agency regarding the LWOP cancellation filed by the Agency on April 20, 2004 and the paperwork errors that the agency made with regard to the Plaintiff's SF50s.

13. That this matter clearly belongs before the U.S. District Court as Plaintiff has exhausted all administrative remedies with the EEOC, and is clearly allowed, as a matter of law, to file this claim before the U.S. District Court following a final ruling by the U.S. Equal Employment Opportunity Commission.

14. That this current complaint was properly filed and served upon the defendants.

15.     That the Plaintiff clearly requests relief and a reversal of the decision made by the EEOC.

**WHEREFORE**, Plaintiff respectfully requests this Court to:

(a)     DENY Defendant's Motion to Dismiss, and further

(b)     DENY Defendant's Motion to Request Transfer of this case to the U.S. Court of Federal Claims

(c)     Accept Plaintiff's Complaint as filed, and or in the alternative,

(d)     Allow Plaintiff Leave to Amend the Complaint.

Respectfully submitted,

_____  2/10/2006
Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD  20772
(301) 868-9383
*Plaintiff*

3

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

| | |
|---|---|
| Phillip S. Woodruff,<br>Complainant,<br><br>v.<br><br>Norman Mineta, Secretary,<br>U.S. Department of Transportation,<br>Agency. | EEOC No. 100-2005-00266X<br>Agency No. 2004-18070-FAA-02<br><br><br><br>Date: July 19, 2005 |

## DECISION

### INTRODUCTION

On March 7, 2005, Supervisory Administrative Judge Andrew Culbertson issued a Notice of Intent to Dismiss in this case. Supervisory Administrative Judge Culbertson specifically indicated in the Notice that he deemed the above-captioned complaint appropriate for dismissal because "it does not appear that the Complainant is aggrieved." *March 7, 2005 Notice of Intent to Dismiss.* On March 30, 2005, the Agency filed a Motion in Support of Dismissal of the Complaint. Complainant filed a Response to EEOC's Notice of Intent to Dismiss on March 20, 2005 and a Supplemental Response to Motion to Dismiss and Response to Agency's Motion for Summary Judgment on April 25, 2005. After consideration of the entire record (Report of Investigation and the party's submissions), I hereby **DISMISS** the present complaint.

### ANALYSIS

The issues before me are whether Complainant was discriminated against based on his race (White), color (White), National Origin (Native American), sex (male), age (DOB: 5/8/44), disability (not identified) and reprisal, when on April 20, 2004, management issued a Notification of Personnel Action (SF-50) reducing his salary and terminating his leave without pay status in a attempt to force him to retire.[1] In order to be aggrieved, an employee must show that he or she suffered a present, tangible harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy under law. *See Diaz v. Dep't of the Air*

---

[1] Complainant avers that the present complaint includes "other issues," however, those issues were not formally accepted and investigated by the Agency. Furthermore, nothing in the record shows that Complainant has requested an amendment to the present complaint to include the "other issues" that were allegedly not investigated. Therefore, this dismissal only addresses the issues the were accepted by the Agency and listed in the Agency's letter of acceptance.

Exhibit 1

*Force*, EEOC Request No. 05931049 (April 21, 1994). The proposal to take such actions does not cause sufficient injury to give the employee standing to file a complaint. *See Jimenez v. U.S. Postal Service*, 01841372 (1984). In this case, the record shows that Complainant's salary increased in 2004 and that it was never decreased. In addition, the record reflects that Complainant's LWOP status did not end and that as of June 2005 Complainant remained on LWOP status. Therefore, Complainant has failed to show that he is an aggrieved employee within the meaning of the regulations enforced by EEOC.

## CONCLUSION

For the reasons set forth above, I conclude Complainant failed to show that he is an aggrieved employee and hereby **DISMISS** the above-captioned complaint.

Frances I. del Toro
Administrative Judge

To:

Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772

Wayne A. Tonkins, Esq.
Federal Aviation Administration
Office of the Chief Counsel, AGC-30
600 Independence Avenue, SW
Washington, DC 20591

Tami L. Wright, Regional Director
Washington Regional Office, S-342
Departmental Office of Civil Rights
400 7th Street, SW, Rm. 2104
Washington, DC 20590

```
06/18/04  12:28  FAX 30   64836                                    ☒01
06/18/2004  11:25  2822679228          ATX 100              PAGE  01
```



**U.S. Department
of Transportation
Federal Aviation
Administration**

# Memorandum

Subject: **ACTION**: Request for Extension of EEO Counseling

Date: 6/18/04

From: Aggrieved
Philip Woodruff

Reply to Attn. Of: B.Gardner

To: Office of Civil Rights

Under the authority of 29 CFR 1614.105, an EEO Counselor is required to conduct the final interview with an aggrieved individual within 30 calendar days of the date the matter was brought to the counselor's attention.

My initial contact date for EEO counseling was __5/19/04__.
I hereby request EEO counseling to be extended for an additional __4__ (not to exceed 60) calendar days. I understand this is merely an extension of the counseling period. It does not compromise my right to file a formal discrimination complaint.

_____                      6/18/2004
Aggrieved                                    Date

_____                      6/18/2004
Concur: EEO Counselor                        Date

_____                      6/18/04
Concur: Office of Civil Rights Complaints Manager    Date

STATE REASON FOR NON-CURRENCE:

```
Post-It® Fax Note   7671   Date 6/18/04   # of pages 1
To P. Woodruff              From B. Gardner
Co./Dept.                   Co.
Phone #                     Phone #
Fax # 301-856-4636          Fax # 202-267-7228
```

CR-6
Revised 07/00

Exhibit 2



U.S. Department of Transportation

Office of the Secretary Of Transportation

Departmental Office of Civil Rights

Washington Regional Office
Nassif Building
400 Seventh Street, S.W. - Room 2104
Washington, D.C. 20590

**<u>CERTIFIED MAIL</u>**
**<u>RETURN RECEIPT REQUESTED</u>**

July 25, 2005

Mr. Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD  20772

Ref:   DOT Complaint No. 2004-18070-FAA-02
       EEOC No. 100-2005-00266X

Dear Mr. Woodruff:

We are transmitting the Final Order (FO) in your complaint of discrimination filed against the Department of Transportation, Federal Aviation Administration (FAA).

At your request, your complaint was sent to the Equal Employment Opportunity Commission (EEOC) for a hearing before an Administrative Judge (AJ). That process has been completed and the AJ issued a decision dismissing your complaint in accordance with 29 C.F.R. 107(a)(1). We have reviewed and analyzed the entire record in the complaint, and are accepting and fully implementing the AJ's decision.

If you are dissatisfied with this final order, you have the following appeal rights:

>   Within 30 calendar days of your receipt of this final decision, you have the right to appeal this decision to the:

>   **Director, Office of Federal Operations**
>   **Equal Employment Opportunity Commission**
>   **P.O. Box 19848**
>   **Washington, DC  20036**

>   (EEOC Form 573, Notice of Appeal/Petition, enclosed for this purpose.)

>   Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court. The Court, at your request, may appoint and authorize legal counsel in circumstances that it deems just without the payment of

Exhibit 3

2

fees, costs, or security. The granting or denial of the request is within the sole discretion of the Court.

You must name the person who is the official agency head or department head and his or her official title as the defendant in your appeal. In your case, you must name the following official as the defendant:

>    The Honorable Norman Y. Mineta
>    Secretary of Transportation
>    400 7th Street, S.W.
>    Washington, DC 20590

Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

Please be advised that at the time you file any appeal or civil action, you must furnish a copy of the appeal documents to the following officials:

>    Regional Director
>    Washington Regional Office
>    Departmental Office of Civil Rights
>    Department of Transportation
>    400 7th Street, S.W., Room 2104
>    Washington, DC 20590
>
>    Jerry Mellody
>    Assistant Chief Counsel
>    Personnel and Labor Law Staff, AGC-30
>    Office of the Chief Counsel
>    Federal Aviation Administration
>    800 Independence Ave., S.W.
>    Washington, D.C. 20591

Sincerely,

*[signature]*

Tami L. Wright, Director
Washington Regional Office
Departmental Office of Civil Rights

Enclosures:   1) EEOC Decision dated July 19, 2005
              2) EEOC Form 573

CERTIFCATE OF SERVICE

I HEREBY CERTIFY, that on this _10_ day of _FEBRUARY_, 2006, a copy of Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer was sent via certified mail, return receipt to:

Peter Smith, Asst. U.S. Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

_____
Phillip S. Woodruff