UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip S. Woodruff,<br>　　　　　Plaintiff,<br>　　　v.<br>　<br>U.S. Department of Transportation,<br>Federal Aviation Administration,<br>　<br>　　　　　Defendants. | Civil Action No. 05-2071 (PLF) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

<u>Pro se</u> Plaintiff Phillip Woodruff's vague and confusing Complaint states that it is brought "under 5 U.S.C. § 5584," a statutory provision that concerns the right of the federal government to seek reimbursement for overpayments made by the federal government. Compl. at 1. In his Opposition, Document No. 14, Plaintiff now claims that he "erred in citing 5 U.S.C. § 5584" and that this case "falls within Title VII of the Civil Rights Act [sic]." Opp. at 1, ¶¶ 2-3. Plaintiff's Opposition demonstrates that Defendants' motion was correct and should be granted.

Plaintiff cannot now simply assert that his Complaint "erred" and avoid dismissal. Plaintiff has not moved to amend his complaint. Nor did he file a proposed amended complaint with his Opposition. In order to avoid the dismissal or transfer of his Complaint, Plaintiff's Opposition itself attempts to winnow his claims down to those brought under Title VII, Opp. at ¶¶ 2-3, yet simultaneously attempts to add the factual allegation that he administratively exhausted those claims. Opp. at ¶ 13. As the Court is well aware, a plaintiff cannot amend his or her complaint through an opposition to a motion to dismiss. Fed. R. Civ. P. 7(a) (pleadings

allowed), 15(a) (amended pleadings).[1]  Thus, Plaintiff's Opposition's representations about what claims are before the Court are a nullity.  The only pleading before the Court is Plaintiff's Complaint, which states, among other things, that it was brought "under 5 U.S.C. § 5584."  Compl. at 1.  Accordingly, Plaintiff's Complaint should be dismissed because it relies on a jurisdictional basis that Plaintiff concedes is in error and because it lacks a short and plain statement of any claim over which this Court would have jurisdiction.

Furthermore, the Court should reject any attempt by Plaintiff to amend his Complaint through his Opposition pursuant to the doctrine of futility.  It is axiomatic that a court should not allow a plaintiff to amend a complaint if doing so would be futile.  See James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996), cert. denied, 519 U.S. 1077 (1997)  ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."); see also 3 Moore's Federal Practice § 15.15[3], at 15-48 (1999) (recognizing that if "the proposed amendment is legally insufficient," "it would be futile to grant leave to amend.").  Plaintiff has only exhausted one of the many claims he attempts to raise in his Complaint: an April 20, 2004 personnel action.  See Pl. Opp., Ex. 1 at note 1 (EEOC decision dismissing administrative complaint because plaintiff was not aggrieved by April 20, 2004 action and noting that the "other issues" plaintiff attempts to raise "were not formally accepted and investigated by the Agency").  One such unexhausted issue is Plaintiff's allegation that Defendants "terminated his position with the FAA . . . ."  Compl. at ¶ 16.  Obviously, any

---

[1] Though complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se litigants must nevertheless comply with the Federal Rules of Civil Procedure.  Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).

unexhausted claim is subject to dismissal. The April 20, 2004 claim, which Plaintiff appears to have exhausted, also fails because Plaintiff did not suffer any adverse action cognizable under Title VII. See Pl. Opp., Ex. 1 at note 1.

Moreover, Plaintiff's Opposition does not address Defendants' argument that it appears that, even under Title VII, the Court lacks jurisdiction to award some or all of the remedies Plaintiff seeks. For example, Plaintiff requests as relief, inter alia, that the Court "[r]everse the decision of the EEO Commission" and issue an order requiring that his EEO complaint "be fully and properly investigated." Compl. at page 6. Similarly, Plaintiff has not responded to Defendants' motion to dismiss insofar as it argued that there is no cause of action for the mishandling of Plaintiff's administrative EEO complaints. Thus, those claims should be dismissed. See Carter v. Greenspan, 304 F.Supp.2d 13, 31 (D.D.C. 2004) (citing Nelson v. Greenspan, 163 F.Supp.2d 12, 18 (D.D.C. 2001)).

Finally, Plaintiff effectively has conceded Defendants' motion for a more definite statement. See Opp. at 3.[2] If the Court is not inclined to dismiss this case outright, the Court should order Plaintiff to file an amended complaint complying with Fed. R. Civ. P. 8(a) and 10(b). This would promote judicial efficiency because the Court would not have to rule on the pending motion to dismiss. As explained above, Defendants would expect to move to dismiss any amended complaint because the April 20, 2004 action Plaintiff complains about in his Opposition was not an adverse action cognizable under Title VII and because Plaintiff has failed

---

[2] The fact that Plaintiff must clarify that he is not bringing a contract claim and that he is not attempting to advance claims in this lawsuit that he has raised in his other civil actions demonstrates that Defendants' motion for a more definite statement is correct. See Opp. at ¶¶ 2-3, 7-10.

to administratively exhaust any other claims.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.  In the alternative, the Court should order Plaintiff to amend his Complaint so as to make a more definite statement of his claims.

Respectfully submitted,

\_\_\_\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


\_\_\_\_\_/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


\_\_\_\_\_/s/_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of February, 2006, a true and correct copy of the foregoing motion to dismiss, supporting materials and proposed order were served upon pro se Plaintiff **Phillip S. Woodruff,** by first class United States mail, postage prepaid, to:

**Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772**

/s/
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372