IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PHILLIP S. WOODRUFF, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 01-CV-01964RMU |
| NORMAN Y. MINETA, | ) | |
| Secretary of Transportation | ) | |
| | ) | |
| Defendant | ) | |

## SECOND AMENDED COMPLAINT
(Employment Discrimination)

Plaintiff PHILIP S. WOODRUFF ("Mr. Woodruff" or "Plaintiff"), by and through his

attorney of record, hereby brings this action to correct unlawful employment practices on

the basis of race, gender, age, disability, and retaliation for prior protected activity and to

obtain appropriate relief to Plaintiff under Title VII of the federal Civil Rights Act of

1964, Title I of the federal Civil Rights Act of 1991, the Age Discrimination in

Employment Act of 1967, and Section 501 of the Rehabilitation Act of 1973.

Specifically, and as alleged with greater particularity in paragraphs 12 through 15,

Defendant NORMAN MINETA, in his official capacity as the Secretary of the U.S.

Department of Transportation, ("DOT") discriminated against Plaintiff in the terms,

conditions, and privileges of his employment.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343, and 1345. This action is authorized and instituted pursuant to Section

706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-

5(f)(3)("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a,

Section 7 of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §626(c)(1),

and Section 505 of the Rehabilitation Act of 1973, 29 U.S.C. §794a.

2.    The employment practices alleged to be unlawful were committed within

the jurisdiction of the United States District Court for the District of Columbia.

PARTIES

3.    Plaintiff PHILLIP S. WOODRUFF ("Mr. Woodruff") is an adult resident of

Prince George's County, Maryland.  He is a current employee of the Defendant Federal

Aviation Administration ("FAA"), a component of the U.S. Department of

Transportation.

4.    Defendant Norman Y. Mineta is the Secretary of the U.S. Department of

Transportation, of which the Federal Aviation Administration ("FAA") is a component

agency ("DOT" or "FAA" or "Agency").  Defendant Agency is an employer within the

meaning of Section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-

16, Section 15 of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a,

and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §791 et seq.

STATEMENT OF CLAIMS

5.    More than thirty (30) days prior to the institution of this lawsuit, Plaintiff

filed a charge of discrimination with the Equal Employment Opportunity Commission

alleging violations of Title VII of the Civil Rights Act of 1964, as amended, Title I of the

Civil Rights Act of 199, the Age Discrimination in Employment Act, and the

Rehabilitation Act of 1973 by Defendant Agency.  All conditions precedent to the

institution of this lawsuit have been fulfilled.

6.    Defendant Agency hired Plaintiff in August 1986, as an Aviation Education Specialist.

7.    In February 1988, Defendant Agency promoted Plaintiff to the position of Division Manager in the Office of Public Affairs, GM-15, directing the Agency's Aviation Education Program, as well as numerous other national programs.

8.    On or about September 29, 1995, Plaintiff became disabled following an on-the-job injury. Plaintiff remained able to perform the essential functions of his job, however, with appropriate accommodations.

9.    Upon Plaintiff's initial return to work, his supervisor Carson Eoyang and other management officials, including Kay Frances Dolan, and Edwin Verburg, engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, Section 15 of the Age Discrimination in Employment Act of 1967, and Section 501 of the Rehabilitation Act of 1973, by discriminating against Plaintiff based on his race, gender, age, and disability. The unlawful employment practices include, but are not limited to, the following:

   a.  Withdrawal of Plaintiff's authority as a senior manager;

   b.  Revocation of Plaintiff's spending authority as a senior manager;

   c.  Cancellation of funding for Plaintiff's division;

   d.  Harassment of Plaintiff through disparaging remarks regarding Plaintiff's professionalism and integrity;

   e.  Reprisal.

3

10.    In February 1997, Plaintiff filed a formal EEO complaint against Mr. Eoyang, Ms. Dolan, and Mr. Verburg. This complaint proceeded through the mediation process; however, the mediation process was unsuccessful.

11.    Plaintiff underwent surgery in May 1997 related to his on-the-job injury and returned to work on or about February 1998.

12.    Upon Plaintiff's return to work and thereafter, his supervisor Carson Eoyang and other senior management officials again engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, Section 15 of the Age Discrimination in Employment Act of 1967, and Section 501 of the Rehabilitation Act of 1973, by discriminating against Plaintiff based on his race, gender, age, disability, and prior EEO activity. The unlawful employment practices include, but are not limited to, the following:

     a.    Downgrading Plaintiff's position in an attempt to reduce his grade or place Plaintiff at a greater risk for Reduction-in-Force;

     b.    Removing Plaintiff from the position of Aviation Education Functional Team Leader;

     c.    Reassigning Plaintiff to a non-supervisory position;

     d.    Revoking the disability accommodations previously granted to Plaintiff; and

     e.    Continuing to harass Plaintiff by placing undue stress and requirements on him intended to interfere with his physical rehabilitation;

     f.    Reprisal.

13.    In December 1998, Plaintiff filed another formal EEO complaint against Defendant.  Following another unsuccessful mediation process, the instant action was filed on September 14, 2001, in the U.S. District Court for the District of Columbia.

14.    Subsequent to the filing of the instant civil action, Defendant again engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, Section 15 of the Age Discrimination in Employment Act of 1967, and Section 501 of the Rehabilitation Act of 1973, by discriminating against Plaintiff based on his race, gender, age, disability, and prior EEO activity.  The unlawful employment practices include, but are not limited to, the following:

      a.  Transferring the administration and oversight of the Aviation Education Program from under Plaintiff's supervision and control;

      b.  Removing all managerial and supervisory responsibility from Plaintiff thereby depriving Plaintiff of the terms, conditions, and privileges of his position;

      c.  Reprisal.

15.    In 2001, Plaintiff filed a third EEO complaint against Defendant alleging retaliation for his prior EEO activity.

16.    More than 180 days have passed since the filing of Plaintiff's retaliation complaint with no final agency decision.

17.    The effect of the practices complained of in paragraphs 9 through 16 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect the terms and conditions of his employment because of race, gender, age, disability, and/or prior EEO activity.

18.    The unlawful employment practices complained of in paragraphs 9 through 16 above were intentional.

19.    The unlawful employment practices complained of in paragraphs 9 through 16 above were done with malice or with reckless indifference to the federally-protected rights of the Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Grant a permanent injunction enjoining Defendant Agency, its officers, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination and any other employment practice which discriminates on the basis of race, gender, age, disability, and/or prior EEO activity;

B.    Order Defendant Agency to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regarding race, gender, age, disability, and/or prior EEO activity that eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant Agency to make Mr. Woodruff whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary (including front pay) to eradicate the effects of its unlawful employment practices;

D.    Order Defendant Agency to make Mr. Woodruff whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 16 above, including restoration

of leave, correction of personnel and payroll records, reimbursement and/or

compensation of lost benefits, in amounts to be determined at trial;

E.    Order Defendant Agency to make Mr. Woodruff whole, by providing

compensation for past and future nonpecuniary losses resulting from the unlawful

practices complained of in paragraphs 9 through 16 above, including restoration of

reasonable accommodations for Plaintiff's disability, emotional pain and suffering,

depression, anxiety, inconvenience, loss of enjoyment of life, and humiliation, in amounts

to be determined at trial;

F.    Award Plaintiff his costs of this action, including attorneys fees;

G.    Grant such further relief as the Court deems necessary and proper in the

public interest.


Respectfully submitted,


_____
Lisa Smith Sanders, Esq.
DC Bar No. 417142
Sanders & Sanders
14452 Old Mill Road, Suite 101
P. O. Box 1429
Upper Marlboro, MD  20773
301.574.1338 voice
301.574.1435 fax
sandlaw1@earthlink.net

Attorney for Plaintiff

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the _____ day of October, 2003, the foregoing Plaintiff's Motion for Leave to Amend and accompanying Second Amended Complaint was sent via Federal Express and electronic case filing notification to the following attorney of record:

Oscar S. Mayers, Assistant U.S. Attorney
US Attorney's Office
555 – 4th Street, N.W., 10th Floor
Washington, DC  20001

_____
Lisa Smith Sanders, Esq.