UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip S. Woodruff,          ) | |
|            Plaintiff,  ) | |
|     v.                             ) | Civil Action No. 05-2071 (PLF) |
|                                  ) | |
| U.S. Department of Transportation  ) | |
| Federal Aviation Administration,   ) | |
|                                  ) | |
|            Defendants.  ) | |

### DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Rule 7(h), Defendant respectfully submits this statement of material facts as to which there is no genuine dispute.

### Plaintiff's Prior EEO Activity and Other Lawsuits

1. During the period when Defendants' processed Plaintiff's administrative EEO complaint, No. AWA-FY2004-0089, Plaintiff was represented by counsel. Initial contact form dated May 25, 2004 (listing Plaintiff's representative as Lisa S. Sanders).[1] Counselor's Report, Ex. 2 attached.

2. Plaintiff contacted agency to request counseling on May 19, 2004. Id. at 2.

3. The agency assigned Plaintiff's complaint No. AWA-FY2004-0089. EEO Complaint, Ex. 1 attached.

4. The Agency's initial contact form dated May 25, 2004, "Description of Alleged Discrimination" states that "On April 20 [, 2004] management issued SF-50 [sic], rducing

---

[1] Exhibit references are to the exhibits filed with Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment. References to Plaintiff's Amended Complaint in this case are to page numbers unless otherwise indicated, because Plaintiff's Amended Complaint generally lacks paragraph numbering.

      [sic] his salary, terminating his LWOP status even with the knowledge that his docotor [sic] says he is totally disable [sic] through the end of the year." Ex. 2.

5. The applicable EEO Counselor's Report also states that "Description of Alleged Discrimination" states that "On April 20 [, 2004] management issued SF-50 [sic], rducing [sic] his salary, terminating his LWOP status even with the knowledge that his docotor [sic] says he is totally disable [sic] through the end of the year." Ex. 2.

6. The EEO counselor's notes corresponding to the applicable Counselor's Report state that the issues include: "extend LWOP as in the past," "stop any termination action," "correct salary," "stop any and all adverse action" and "stop all reprisal activities." Ex. 2.

7. Plaintiff's handwritten note states that: "This complaint has been resolved to some degree, including the LWOP issue. Written confirmation has been promised via ACR from AHR." signed by Plaintiff. Ex. 2, Couns. Rep. at Attachment #3.

8. Plaintiff did not check "age" on the EEO complaint form for No. AWA-FY2004-0089. Ex. 1 at 1.

9. Plaintiff stated in EEO Complaint No. AWA-FY2004-0089 that "I am on total disability." Ex. 1.

10. EEO Complaint No. AWA-FY2004-0089 states that "I am covered by the Federal Employees Workers' Compensation Program." Ex. 1.

11. Plaintiff's July 11, 2004 EEO Complaint, No. AWA-FY2004-0089, Ex. 1, states that:

> On April 20, 2004, in the U.S. Mail, I received a "Notice of Personnel Action," [a footnote indicates that a copy was attached] that: (1) Reduced my pay from $119,267 to $116,786. (2) Terminated my position. (3) Terminated my leave without pay status on 6/28/04 (4) dated the document 01/30/04. (5) Made effective date 01/01/04. (6) Cited legal authority . . . to backdate and downgrade,

        as well as terminate.

12.     The Statement of Issues for EEO Complaint, No. AWA-FY2004-0089 was set forth in a letter from the agency dated August 10, 2004. That letter states that: "Were you discriminated against based upon your race (white), color (white), national origin (Native American), sex (male, age [], disability, and reprisal (prior EEO activity) when on April 20, 2004 management issued a Notification of Personnel Action (SF-50) reducing your salary and terminating your leave without pay status in an attempt to force you to retire?" Ex. 3 attached.

13.     The Agency's August 10, 2004 letter states that any "request for correction to the claim as stated, must be submitted . . . within five calendar days of your receipt of this letter." Ex. 3 (emphasis in original).

14.     Plaintiff's August 17, 2004 letter responding to FAA's August 10, 2004 letter states that "This is in response to your letter received on August 13, 2004." Ex. 4 attached.

15.     Plaintiff's August 17, 2004 letter to Tami Wright (the Agency's August 10, 2004 letter) also states that "I do not wish to claim age in this complaint." Id.

16.     Plaintiff's August 17, 2004 letter to Tami Wright also states that "The issues stated in the formal complaint are LWOP extension, salary reduction, termination actions, adverse actions, further reprisal. Additional items were discussed with the counselor and are evidenced in the informal and formal complaint documents." Id.

17.     Plaintiff's Second Amended Complaint in Woodruff v. Mineta, Case No. 01-CV-1964 (RMU) raises claims pursuant to "Title VII of the Civil Rights Act of 1964, Section 15 of the Age Discrimination in Employment Act of 1967, and Section 501 of the

Rehabilitation Act of 1973." Sec. Am. Compl. at ¶ 9.

18. Plaintiff's Second Amended Complaint in <u>Woodruff v. Mineta</u>, Case No. 01-CV-1964 (RMU) states that the "unlawful employment practices include, but are not limited to . . . Withdrawal of Plaintiff's authority as a senior manager." Ex. 16, Sec. Am. Compl. at ¶ 9.

19. Plaintiff's Second Amended Complaint in <u>Woodruff v. Mineta</u>, Case No. 01-CV-1964 (RMU) alleges that FAA "Downgrad[ed] Plaintiff's position in an attempt to reduce his grade," and "revok[ed] the disability accommodations previously granted to Plaintiff." Sec. Am. Compl. at ¶ 12.

20. Plaintiff's Second Amended Complaint in <u>Woodruff v. Mineta</u>, Case No. 01-CV-1964 (RMU) alleges that FAA "removed "all managerial and supervisory responsibility from Plaintiff . . . ." Sec. Am. Compl. at ¶ 14.

21. Plaintiff's Second Amended Complaint in <u>Woodruff v. Mineta</u>, Case No. 01-CV-1964 (RMU) was signed by attorney "Lisa Smith Sanders, Esq." Sec. Am. Compl. at 7.

22. The Honorable Ricardo M. Urbina's Memorandum Opinion in <u>Woodruff v. Mineta</u>, Case No. 01-CV-1964 (RMU) states that Mr. Woodruff claims that "the FAA discriminated against him based on his age, gender, race, disability, and in retaliation for protected activity." Ex. 17, Memo. Op. at 1.

23. The Honorable Ricardo M. Urbina's Memorandum Opinion in <u>Woodruff v. Mineta</u>, Case No. 01-CV-1964 (RMU) addresses Plaintiff's claims concerning the agency's alleged failure to accommodate his disabilities and attempts to terminate his employment. Memo. Op. at 1.

24. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 states that the issues

before the Court of Appeals include "a series of events that worked to divest Mr. Woodruff of his substantive professional duties, to remove his reasonable accommodations for his disability, and to retaliate against him . . . ." Ex. 18 attached, Final Br. at 8.

25. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 11-12 states that Plaintiff "was threatened with termination; forced to return to work, while totally disabled . . . without any accommodations for his disability. Further, he was denied access to the Agency health facility; denied sick leave; denied annual leave and subjected to time and attendance and payroll errors; adverse personnel actions and a hostile work environment among other matters." Ex. 18.

26. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 12 complains that Plaintiff's requests for leave restoration and buy back have repeatedly been denied by the Agency." Ex. 18.

27. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 13 also complains that the FAA "offered only a lower paying, non-management position . . . .[that] could result in causing the loss of Mr. Woodruff's workers' compensation benefits." Ex. 18.

28. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 20 complains that the FAA "continued to demonstrate a pattern of activity to terminate Mr. Woodruff from his position and to deny his accommodations for his disability." Ex. 18.

29. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 22 complains that he was "denied flexible work schedule and telecommuting accommodations" and states that "Mr. Woodruff challenges the denial of LWOP extension, denial of flexible work

schedule and telecommuting." Ex. 18.

30. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 22 also complains that he "has been forced to file for retirement." Ex. 18.

31. Mr. Woodruff's complaint in <u>Woodruff v. USDOT and FAA</u>, Civil No. 05-1367 (RMU), states that Workers' Compensation and Leave Without Pay (LWOP) was authorized during this period and following but was denied by the agency requiring Plaintiff to use sick leave and annual leave . . . ." Ex. 19 attached, Compl., Civil No. 05-1367 (RMU) at ¶ 5.

32. Mr. Woodruff also complains that The USDOT and the FAA "fraudulently submitted incorrect payroll data into the system creating overpayments, underpayments, leave errors, tax errors, TSP and other incorrect and damaging information . . . ." Ex. 19, Compl., Civil No. 05-1367 (RMU) at ¶ 5.

Plaintiff's OWCP Remedies

33. On or about September 29, 1995, Plaintiff suffered a workplace injury. Am Compl. at 1. Ex. 17, <u>Woodruff v. Mineta</u>, Civil No. 01-1964 (RMU), Memo. Opin. at 2; Ex. 18, Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 6.

34. Plaintiff was injured on January 5, 1999 in a "serious car accident." Ex. 18, Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 at 11.

35. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 states that "[c]urrently, Mr. Woodruff is a Senior Management employee on LWOP due to an on-the-job accident." Ex. 18, Final Br. at 6.

36. Appellant Phillip S. Woodruff's Final Brief in Appeal No. 05-5033 states that

"The U.S. Department of Labor/OWCP subsequently ruled in favor of Mr. Woodruff and granted total disability retroactive to September 3, 1998 . . . ." Ex. 18, Final Br. at 11.

37. Plaintiff's June 17, 2004 letter to Congressional Representative Steny Hoyer states that "I have already used approximately 2,000 hours of accumulated leave . . . . My physicians at Johns Hopkins in Baltimore continue to certify my total disability. OWCP accepts this." Ex. 14 attached at 2.

38. FAA's July 19, 2004 letter to the Honorable Barbara A. Mikulski states that Plaintiff "has been on the periodic rolls of the Department of Labor, Office of Workers' Compensation Program (OWCP) since August 13, 2000, and is receiving workers' compensation payments. He continues to have health and life insurance coverage. As a result of Mr Woodruff's OWCP status, the agency has placed him on extended leave without pay (LWOP) . . . Mr. Woodruff will continue to receive OWCP benefits, as long as his physicians' [sic] certify his total disability, regardless of his employment status with the FAA." Ex. 15 attached. See also Berko Aff. at 3 (Plaintiff on total disability status since August 2000).

39. Plaintiff currently is receiving disability payments through the United States Department of Labor, Office of Workers Compensation Program (OWCP). Ex. 5 attached, Plaintiff's affidavit at 4; Ex. 18, Final Br. at 11; Ex. 15, FAA's July 19, 2004 letter to the Honorable Barbara A. Mikulski.

40. Plaintiff's disability pay is based upon salary as of 1997. Ex. 5, Pl. Aff.

41. Plaintiff's current status is total disability and Plaintiff does not currently report to work at FAA. Pl. Affidavit at 4 ("I am generally confined to my home and am on OWCP total

disability status."); FAA's July 19, 2004 letter to the Honorable Barbara A. Mikulski.

42. Plaintiff currently cannot work outside his home. Pl. Affidavit at 4 ("I am generally confined to my home and am on OWCP total disability status.").

43. Currently, Plaintiff cannot work in any job whatsoever. Pl. Aff. at 4 ("I am not able to work at any job at this time.").

Alleged April 20, 2004 Action

44. FAA's July 19, 2004 letter to the Honorable Barbara A. Mikulski states that: Mr. Woodruff's SF-50 (effective date January 1, 2004) - EXT OF LWOP NTE 06/28/04 - is reflective of Mr. Woodruff's verbal indication in 2003 that he could return to work within the next year. In early 2004, he again indicated that he might return to work within the next year." Ex. 15.

45. FAA's July 19, 2004 letter to the Honorable Barbara A. Mikulski also states that: "Mr. Woodruff alleges that his salary was reduced from $119,267 to $116,768 . . . . [a] pay adjustment SF-50 action (effective 01/11/04) shows Mr. Woodruff's salary at $121,954, which includes the retroactive March 2004 pay adjustment and locality pay." Ex. 15.

46. A Notification of Personnel Action effective January 11, 2004 states that the "Nature of [the] Action" is "CORRECTION" and "PAY ADJ." Ex. 12 at 7, Boxes 5-B and 6-B.

47. A Notification of Personnel Action effective January 11, 2004 states that "Total Salary/Award" is "$121,954." Ex. 12 at 7, Box 20C.

48. A Notification of Personnel Action effective January 11, 2004 states that the "SALARY IN BOX 20C INCLUDES A LOCALITY-BASED PAYMENT OF 14.63%. PROCESSED IN ACCORDANCE WITH EXECUTIVE ORDER 13332 DATED

MARCH 3, 2004." Ex. 12 at 7.

49. A Notification of Personnel Action effective June 29, 2004 states that the "Nature of [the] Action" is "EXT OF LWOP NTE 12312004" and lists Plaintiff's total salary as "$121,954." Ex. 11, Boxes 5-B and 12.

50. The Notification of Personnel Action effective June 29, 2004, which states that the "Nature of [the] Action" is "EXT OF LWOP NTE 12312004" and lists Plaintiff's total salary as "$121,954," was approved on July 7, 2004 by Alfreda Terrell. Ex. 11.

51. Notification of Personnel Action attached to Plaintiff's administrative EEO Complaint, No. AWA-FY2004-0089, states that the "Nature of the Action" is "EXT OF LWOP NTE 06282004." Ex. 10.

52. By September 1, 2004, Plaintiff's Leave Without Pay Status had been extended at least until December 31, 2004. Ex. 6, Aff. of Darlene Freeman.

53. By September 1, 2004, personnel records reflect that Plaintiff's salary was $121,954, which included a 2004 federal pay raise for government workers per the annual budget. Ex. 6, Aff. of Darlene Freeman; Ex. 7, Berko Aff. at 2.

    Respectfully submitted,

       s/
    KENNETH L. WAINSTEIN, D.C. BAR # 451058
    United States Attorney


    RUDOLPH CONTRERAS, D.C. BAR # 434122
    Assistant United States Attorney

       s/
    PETER S. SMITH, D.C. BAR # 465131
    Assistant United States Attorney

United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372