UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Phillip S. Woodruff, | ) | |
|             Plaintiff, | ) | |
|          v. | ) | Civil Action No. 05-2071 (PLF) |
| | ) | |
| U.S. Department of Transportation | ) | |
| Federal Aviation Administration, | ) | |
| | ) | |
|             Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR,
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Pro se Plaintiff Phillip Woodruff's Amended Complaint states that it is brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16.  See, e.g., Am. Compl. at 2, ¶ 1. Plaintiff complains of "actions taken against [him] in April 2004." Id.  As an initial matter, Defendants' Memorandum noted that Plaintiff's Amended Complaint should be dismissed because Plaintiff failed to name the proper defendant for a claim under Title VII.  42 U.S.C. § 2000e-16(c)  (providing that in a "civil action the head of the department, agency, or unit, as appropriate, shall be the defendant").  Plaintiff has attempted to cure this by adding the Secretary of Transportation to the caption of his Opposition to the government's motion.  Plaintiff cannot amend his complaint in his opposition.  See Fed. R. Civ. P. 7(a) (pleadings allowed).  The only pleading before the Court is Plaintiff's Amended Complaint, which fails to name the proper defendant in a Title VII lawsuit and thus his Amended Complaint should be dismissed.

A.    Plaintiff Has Raised the Same Claims Against the Same Defendants in Other Pending Cases.

Plaintiff's Amended Complaint alleges a myriad of vague and conclusory allegations, some or all of which appear to have been raised in other lawsuits currently pending in this district

or before the United States Court of Appeals for the District of Columbia Circuit. For example, Plaintiff complains of "a continuing pattern of discrimination" including being "denied accommodations for his disability." Am. Compl. at 2, ¶ 1. In his Opposition, Plaintiff claims that the only actions he is challenging in this lawsuit are "actions taken against the Plaintiff in April 2004 . . . ." Pl. Opp. at 1. These claims include "forcing Plaintiff to retire and matters noted in the record and complaint," Pl. Opp. at 3, and "discriminatory acts, reprisal and omissions regarding Plaintiff's salary, LWOP and payroll taken by the agency, on or about April 20, 2004 through the dates covered by the complaint." Id. (emphasis omitted). This sort of vague and conclusory reference to LWOP and payroll actions are exactly the claims that Defendants' Memorandum addressed in detail, demonstrating that Plaintiff has attempted to raise these same claims against the same Defendants in other pending lawsuits. See Def. Memo. at 2-5.

 Plaintiff asserts in his Opposition that there are no disability claims in this lawsuit. The Court should hold Plaintiff to his representations, because those claims clearly are before the Court of Appeals. In Appeal No. 05-5033, Mr. Woodruff's Final Brief states that the issues before the Court of Appeals include "a series of events that worked to divest Mr. Woodruff of his substantive professional duties, to remove his reasonable accommodations for his disability, and to retaliate against him . . . ." Def. Ex. 18, Final Br. at 8. Mr. Woodruff also claims in his appeal, see Final Brief at 20, that the FAA "continued to demonstrate a pattern of activity to terminate Mr. Woodruff from his position and to deny his accommodations for his disability." Def. Ex. 18. Although these same allegations appear in the Amended Complaint in this case, Plaintiff's Opposition tries to disavow his Final Brief. See Pl. "Affidavit" at ¶ 10. That tactic is

astonishing, given that Plaintiff/Appellant's Final Brief is signed by Mr. Woodruff and was filed with the United States Court of Appeals for the District of Columbia Circuit as complying with the applicable Circuit and Federal rules.

B.  <u>Plaintiff has Conceded that Many of the Allegations Included in The Amended Complaint Were Not Exhausted Administratively.</u>

Plaintiff concedes that the only claims that he exhausted administratively in the context of the EEO complaint giving rise to this lawsuit were that "the Agency's Notification of Personnel Action of April 20, 2004, reduc[ed] Plaintiff's salary and terminat[ed] Plaintiff's leave without pay status in an attempt to force him to retire." Am. Compl. at 3, ¶ 2. See also Pl. Opp. at 5 (claims include "agency's actions to reduce his salary, terminate his leave without pay status and force retirement . . ."). Plaintiff's Opposition seems to abandon many of the unexhausted claims that Defendants identified in Plaintiff's Amended Complaint, which included "time and attendance records, leave, leave buy-back, payroll, insurance, TSP, accommodations, hostile work environment, age and reprisal. . . ." Am. Compl. at 6. Plaintiff explicitly says in his Opposition that these and any other unexhausted issues or allegations were included in the Amended Complaint merely as background and that Plaintiff "was not asking the EEO counselor or the court to adjudicate these particular matters." Pl. Opp. at 5. While the Court should hold Plaintiff to this representation, to the extent that the only pleading before the Court, Plaintiff's Amended Complaint, includes these allegations, they should be dismissed.

Plaintiff, now asserting that this lawsuit concerns only "[Plaintiff's] receipt of the agency letter of April 20, 2004," Pl. Opp. at 5, also abandons his allegations concerning the administrative processing of his EEO complaint. See Am. Compl. at 6 ("FAA and DOT have

failed to thoroughly, fairly, and impartially investigate all of the claims"); Am. Compl. at 4, ¶ 3 ("The Agency has denied Plaintiff his procedural due process with their intentional denial of ADR and by controlling the outcome with their use of government paid companies investigating claims.").[1]  Plaintiff no doubt recognizes that Title VII does not provide a cause of action concerning the administrative processing of an EEO complaint.  See Carter v. Greenspan, 304 F.Supp.2d 13, 31 (D.D.C. 2004) (citing Nelson v. Greenspan, 163 F.Supp.2d 12, 18 (D.D.C. 2001)).

C.      Plaintiff Cannot Survive Summary Judgment as to His Claims Concerning the Alleged April 20, 2004 Action.

   1.   Plaintiff Has Failed to Put Forward Evidence Sufficient to Overcome Summary Judgment.

It is well settled that a party opposing summary judgment has an evidentiary burden to overcome.  Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("[t]o survive a motion for summary judgment, the party bearing the burden of proof at trial . . . must provide evidence showing that there is a triable issue as to each element essential to that party's claim."); Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992) (party opposing summary judgment must produce competent evidence to overcome properly-supported motion).  Plaintiff, however, has not complied with the Court's Local Rules because he has failed to specifically respond to Defendants' Statement of Facts.  Nor did Plaintiff submit his own statement of

---

[1] See also Am. Compl. at 4 (complaining that contract investigator DSZ for EEO complaint was "clearly biased," and that FAA "refused to consider mediation").

genuine issues for trial as is required by LCvR 56.1.[2]

Instead, Plaintiff fails to refer to any supporting materials at all. His Opposition is replete with unsupported, conclusory assertions. See, e.g., Pl. Opp. at 9-10 (lacking any specific record citations). Similarly, his "affidavit" is conclusory and unsupported by any record evidence and thus has little evidentiary value. Accordingly, the factual assertions supporting Defendant's Motion should be accepted by the Court as true, because Plaintiff failed to submit any competent evidence contradicting Defendants' evidence. See Burke v. Gould, 286 F.3d 513 (D.C. Cir. 2002); Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e), providing that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). This Court's Local Rules explicitly provide that an:

> In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h). Plaintiff was put on notice of these rules in Defendant's Motion, at note 1.

---

[2] Local Rule 56.1 provides that: "An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."

Defendant presented actual documentation of Plaintiff's salary along with multiple declarations. All of these materials demonstrate conclusively that by September 1, 2004, Plaintiff's Leave Without Pay Status had been extended at least until December 31, 2004. Def. Ex. 6, Freeman Aff. By September 1, 2004, personnel records reflect that Plaintiff's salary was $121,954, which included a 2004 federal pay raise for government workers per the annual budget. Def. Ex. 6, Freeman Aff.; Def. Ex. 7, Berko Aff. at 2. In response, Plaintiff merely asserts that his salary was reduced and that the paperwork was designed to force him to retire. See, e.g., Pl. Opp. at 9-10.

Similarly, Plaintiff's "affidavit" contains conclusory assertions completely lacking in foundation or even explanation. Thus, it cannot create any genuine issue of material fact requiring trial. For example, in Paragraph 4 of his Affidavit, Mr. Woodruff states merely that: "Plaintiff's SF-50s were again changed to show additional decreases in salary." Pl. Aff. at ¶ 4. There is no citation to any document and no explanation at all as to when these alleged "decreases" occurred, who caused the alleged "decreases," or why the alleged "decreases" occurred. In the face of Defendants' highly-detailed record evidence, Plaintiff's conclusory, unsupported statements would not lead a reasonable juror to conclude in his favor.

Plaintiff also claims that the Court should allow discovery in this case, Pl. Opp. at 7, so that Plaintiff can substantiate his speculative and conclusory allegations. However, Plaintiff filed an opposition to Defendants' motion; he did not file a Fed. R. Civ. P. 56(f) affidavit identifying what discovery he would need in order to later file an opposition to Defendants' motion.

Since Plaintiff points to no evidence supporting his claims other than his own conclusory

assertions, he has failed to carry his evidentiary burden to overcome a grant of summary judgment.

> 2. No Reasonable Juror Could Conclude Plaintiff's Salary was Reduced or that he was Forced to Retire, Thus He Has Failed to Make Out a *Prima Facie* Case.

The only admissible evidence before the Court demonstrates that Plaintiff's salary did not decrease, but in fact increased, and that Plaintiff's status was unaffected by the April 20, 2004 paperwork he complains about. That is, Plaintiff's salary was never reduced, actually it increased pursuant to the 2004 federal pay raise. Plaintiff currently is on leave without pay status and is receiving workers' compensation payments from the Department of Labor; thus, he must concede that he was not, in fact, terminated as a result of any paperwork he received in April, 2004.

FAA's July 19, 2004 letter to the Honorable Barbara A. Mikulski explained that Plaintiff "has been on the periodic rolls of the Department of Labor, Office of Workers' Compensation Program (OWCP) since August 13, 2000, and is receiving workers' compensation payments. He continues to have health and life insurance coverage. As a result of Mr. Woodruff's OWCP status, the agency has placed him on extended leave without pay (LWOP) . . . Mr. Woodruff will continue to receive OWCP benefits, as long as his physicians' [sic] certify his total disability, regardless of his employment status with the FAA." Def. Ex. 15. That letter also explains that: "Mr. Woodruff alleges that his salary was reduced from $119,267 to $116,768 . . . . [however, a] pay adjustment SF-50 action (effective 01/11/04) shows Mr. Woodruff's salary at $121,954, which includes the retroactive March 2004 pay adjustment and locality pay." Id.

The fact that Plaintiff's salary actually increased is clearly evident from the record. A

Notification of Personnel Action effective January 11, 2004 states that the "Nature of [the] Action" is "CORRECTION" and "PAY ADJ." Def. Ex. 12 at 7, Boxes 5-B and 6-B. That same form states on its face that Plaintiff's "Total Salary/Award" is "$121,954," Box 20C, and that the "SALARY IN BOX 20C INCLUDES A LOCALITY-BASED PAYMENT OF 14.63%. PROCESSED IN ACCORDANCE WITH EXECUTIVE ORDER 13332 DATED MARCH 3, 2004." Def. Ex. 12 at 7.

A separate Notification of Personnel Action effective June 29, 2004 states that the "Nature of [the] Action" is "EXT OF LWOP NTE 12312004" and also lists Plaintiff's total salary as "$121,954." Def. Ex. 11, Boxes 5-B and 12. See also Def. Ex. 6, Aff. of Darlene Freeman; Ex. 7, Berko Aff. at 2. Defendants' Exhibit 10, a payroll form for 2003, shows that the paperwork Plaintiff is complaining about in April 2004 merely reflects his 2003 salary of $116,786, his salary prior to its adjustment for the 2004 federal pay raise. Similarly, Defendants' Ex. 12 at 7, another personnel form (an April 4, 2004 SF-50) shows Plaintiff's 2004 pay increase to $121,954 and shows that the 2004 pay increase was retroactive to the first pay period of 2004 as per Executive Order 13332 (March 3, 2004).

Although asserting, without support, that his salary decreased, Plaintiff then contradicts his own assertion. See Pl. Opp. at 10. In his Opposition, when discussing alleged "pretext," Plaintiff cites the fact that an SF-50, shows "Plaintiff's salary as being $121, 954, effective 1/11/04." Pl. Opp. at 10.

D.  <u>Even If Plaintiff Were to Demonstrate the Elements of a *Prima Facie* Case, There Is No Evidence to Rebut Defendants' Legitimate Non-Discriminatory Reasons for the Challenged Actions and No Evidence That Those Reasons Are Merely a Pretext for an Illegal Motive.</u>

Here, Plaintiff's Opposition focuses on the purely ministerial task of the processing of paperwork reflecting the implementation of the government-wide 2004 pay raise for federal workers.  Plaintiff's Opposition, at pages 9-10, claims that the Defendants' explanation of the April 20, 2004 paperwork "shows pretext."  Pl. Opp. at 9.  Plaintiff cites no evidence supporting this bare assertion.  This case is, after all, about intentional discrimination.  The only argument that Plaintiff raises in his Opposition concerning alleged "pretext" is a single paragraph on page 10.  There, Plaintiff claims that the agency issued an SF-50 showing an <u>increase in his salary</u> only after "intervention by the Plaintiff's Senator and Congressman."  Pl. Opp. at 10.  Even if that is true, it does not show any discriminatory animus on the part of the agency, nor that the agency's stated reasons, which are set forth in letters addressed to the legislators Plaintiff mentions, are false.

The SF-50 Plaintiff complains of was processed by the agency's human resources staff, not any of Plaintiff's current or former managers.  <u>See, e.g.</u>, Decl. of Darlene Freeman at 1-2.  The agency explained its legitimate non-discriminatory reason for the paperwork Plaintiff received: the agency merely was implementing the 2004 federal pay raise.  <u>See, e.g.</u>, Decl. of Darlene Freeman at 1-2.  That raise was implemented at that time in accordance with a March 3, 2004 Executive Order.  Def. Ex. 12 at 7.  Plaintiff completely ignores this evidence in his Opposition.  Since he presents no competent evidence of his own to rebut Defendants' explanation, Defendants are entitled to judgment as a matter of law on Plaintiff's discrimination

9

and retaliation claims.

E.     Plaintiff's Complaint Should Be Dismissed for Failure to Comply with Fed. R. Civ. P. 8(a) and 10(b).

As Plaintiff's confusing Opposition underscores, there still is a serious question as to what claims and issues are before the Court in this case.  While Plaintiff focuses on the April 20, 2004 SF-50 he received, Plaintiff's Opposition, like the Amended Complaint, continues to refer to additional unexplained issues or claims.  For example, Plaintiff's Opposition states that this "case deals only with the EEO claim filed as a result of the April 20, 2004 letter," but then refers to additional "matters noted in the record and the complaint."  Pl. Opp. at 3.  See also Pl. Opp. at 5 (describing issues related to April 20, 2004 document "in addition to the other matters noted on the initial complaint").  While the Court should hold Plaintiff to his representations that the only issues in this case concern the April 20, 2004 document,[3] given that the Amended Complaint is the operative pleading in this case, Defendants have no way of determining what claims actually are before the Court.

Under the Federal Rules of Civil Procedure, the "purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  "Beyond

---

[3] The Court should hold Plaintiff to his representation that this case "involves the SF50 filed in 2004 by the agency with its letter of April 20, 2004 wherein the agency decreased Plaintiff's salary.  This involves the acts of the agency to withdraw his LWOP as of June 20, 2004, which would cause the Plaintiff to retire."  Pl. Opp. at 8.

this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Because Plaintiff's Amended Complaint has failed to comply with Rule 8(a), it should be dismissed.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed or, in the alternative, Defendants are entitled to a grant of summary judgment on all claims.

Respectfully submitted,

\_\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


\_\_\_/s/_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of June, 2006, a true and correct copy of the foregoing reply to plaintiff's opposition to defendants' motion to dismiss or for summary judgment was served upon pro se Plaintiff **Phillip S. Woodruff,** by United States mail, postage prepaid, to:

**Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772**

/s/
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372