UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,            )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No.: 05-CV-2071 (PLF)
                                )
NORMAN Y. MINETA, Secretary     )
United States Department of Transportation, et )
al                              )
                                )
    Defendants                  )
                                )
_____ )

SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, Phillip S. Woodruff, ("Woodruff") and respectfully submits this Second Amended Complaint and adds Norman Y. Mineta, Secretary United States Department of Transportation as a Defendant in this matter and in furtherance thereof states:

Statement of Facts

Plaintiff was employed in August 1986 by the United States Department of Transportation, (DOT), Federal Aviation Administration (FAA). Plaintiff is a Division Manager, Grade 15 with over 25 years of Federal service. Plaintiff's on-the-job accident was September 29, 1995. Plaintiff's work schedule was flexible and he had an approved telecommuting agreement.

Plaintiff continued working full-time, *without LWOP*, until he went into Johns Hopkins for surgery on May 1, 1997. Plaintiff was also on detail to the Office of the Secretary of Transportation and the United States Senate for the majority of time following the September,

RECEIVED
JUL 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1995 accident until early 1997. The agency appears to have processed an additional detail in 1997 while Plaintiff was on total disability, recovering from work-related injuries. Plaintiff returned from medical leave nine months later, in February 1998. Plaintiff requested return to his supervisory position. This request was denied. Plaintiff returned to full-time status in March 1998. His physicians released him to full-time status as long as his accommodations for his *disability* of a flexible work schedule and telecommuting continued. Plaintiff again requested that he be returned to his supervisory position. This request was again denied. This denial of his return to his position continued even though Plaintiff was working full-time. Plaintiff was working full time with a flexible work schedule and a telecommuting agreement that had been in place for several years. All accommodations were cancelled by September 1998. As a result of his denial of accommodations, Plaintiff's health deteriorated. As a result of the removal of accommodations and decline in health, Plaintiff became totally disabled and had to use accumulated sick and annual leave and return to LWOP and workers' compensation status.

Numerous efforts by the Plaintiff precede this Complaint. Prior related activity includes denial of FECA rights, discrimination under Title VII, Defendant's refusal to provide accommodations for known disabilities when requested, hostile work place, forced retirement and loss of wages and benefits. These matters are on appeal or pending appeal in the U.S. Court of Appeals for the District of Columbia and represent a history for demonstrating a continuing pattern of intentional discrimination and reprisal by the Defendant against the Plaintiff.

1.     This claim is a NEW action filed under Title VII of the Civil Rights Act regarding actions taken against the Plaintiff in April 2004. Plaintiff's Civil Rights have again been violated in that he was denied accommodations for his disability; he was discriminated against based

upon his age, disability and reprisal, and other factors. These acts of discrimination demonstrate a continuing pattern of discrimination by the Defendants.

This Complaint is also filed with the claim that the Plaintiff has been inappropriately and unlawfully denied his full rights for procedural due process based on the concept of procedural fairness and other guarantees under the Bill of Rights and as incorporated under the Fourteenth Amendment of the United States Constitution. This protection extends to all government proceedings that can result in an individual's deprivation, including civil in nature, i.e. administrative hearings, et al. In addition, this action is brought under the Seventh Amendment of the United States Constitution, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Plaintiff has been unfairly and unlawfully denied the right to a jury trial. The Defendant Agency has attempted to "systematically" precluded the Plaintiff from exhausting his administrative remedies by foreclosing the discovery and alternate dispute resolution process as well as contracting out the investigation in order to manage the outcome in favor of the Defendant.

2.      Plaintiff filed a NEW complaint with the EEO Commission regarding discrimination based on age, disability and reprisal and other factors, following the Agency's Notification of Personnel Action of April 20, 2004, reducing Plaintiff's salary and terminating Plaintiff's leave without pay status in an attempt to force him to retire.

That the issues in this matter in fact deal with the termination of LWOP action filed by the agency on April 20, 2004, and the agency's paperwork involving this adverse personnel action, federal job termination and forced retirement, which is a totally new action.

That on April 20, 2004, Plaintiff received via U.S. Mail, a "Notice of Personnel Action" that reduced his pay from $119,267.00 to $116,786.00; terminated his position with the FAA;

terminated his Leave Without Pay Status to be effective on June 28, 2004. (This date was coincidentally a specific date in which the Defendant was required to respond to a U.S. District Court Order in the earlier matter.)

The agency has failed to file proper paperwork to correct errors and continues to file incorrect and false paperwork regarding the Plaintiff's SF50s, i.e. salary.

The agency has made no attempt to address accommodations required and requested for the Plaintiff's disabilities. Termination forces retirement and permanently reduces benefits, salary and promotional opportunities. That attempts to force retirement are clearly demonstrated in the documentation of the informal EEOC report, the formal EEOC report, and the Report of Investigation, and related documents.

There remains a continuing pattern of reprisal and discrimination.

The agency has expedited the process, denying extensions for additional time to discuss resolution and by hiring independent contractors to conduct and prepare final agency decisions that have incomplete investigations, e.g. DSZ.

The investigation performed by DSZ was clearly biased and not performed with the impartiality promised by the EEOC, FAA and DOT. It is well documented that the DSZ has a history with the Agency and is hired by the Agency just for this purpose.

3. The Agency has denied Plaintiff his procedural due process with their intentional denial of ADR and by controlling the outcome with their use of government paid companies investigating claims.

The Agency refused to consider mediation that had been requested on several occasions by the Plaintiff. The agency has steadfastly refused to provide any opportunity for mediation. In addition, the Plaintiff asked that the FAA Office of Civil Rights to continue counseling to resolve

additional issues and he was told that it was not possible because of the limited extension, although Plaintiff authorized additional extensions of time.

That the Plaintiff properly and timely contacted an EEO counselor on May 19, 2004, within 45 days of April 20, 2004, and timely filed an administrative complaint.

That the Plaintiff properly and timely filed a complaint with the U.S. Equal Employment Opportunity Commission following the decision by the EEOC. That as a result of the decision by the U.S. Equal Employment Opportunity Commission, Plaintiff filed a timely Complaint, as allowed by law, with the U.S. District Court. "Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court."

That the facts, dates and specific issues filed in this EEOC claim and in this Complaint are NOT the same as in other matters Plaintiff currently has before the U.S. District Court or the U.S. Court of Appeals and that this is not a parallel proceeding.

That this EEO claim and case is NOT a part of the Second Amended Complaint filed with the U.S. District Court that is currently on Appeal, **nor** is this EEO Claim a part of the "third EEO claim" filed by Plaintiff previously, and now part of the Second Amended Complaint.

That this matter clearly belongs before the U.S. District Court as Plaintiff has exhausted all administrative remedies with the EEOC, and is clearly allowed, as a matter of law, to file this claim before the U.S. District Court following a final ruling by the U.S. Equal Employment Opportunity Commission.

While the EEO decision states that the "other issues" were not identified, they are clearly noted in the evident in the record and EEO complaint and that these issues discussed with the Counselor at the informal stage, but not included in the Counselor's Report and Final Report

include: time and attendance records, leave, leave buy-back, payroll, insurance, TSP, accommodations, hostile work environment, age and reprisal and that these issues raised with the counselor in the informal process were not reviewed or investigated or included in the Notice of Final Interview or the Counselor's Report. That the other issues also remain, i.e., further reprisal, the discrimination, subjection to a hostile work environment, no accommodations for disability, etc.

That the FAA and DOT have failed to thoroughly, fairly, and impartially investigate all of the claims. The Agency used a company hired by the Government and for the Government (DSZ) to investigate this action. It is well documented that DSZ portrays itself to assist the Government in eradicating claims filed by employees.

4. Plaintiff respectfully requests this Court to:

    a). That the Court GRANT a Trial on the Merits,

    b). Injunctive relief ordering the Agency to suspend any termination actions,

    c). In the Alternative, a Court Ordered Mediation

    d). Reverse the EEO Order,

    e). And for such other relief the Court may deem necessary and fair.

Respectfully submitted,

_/s/ Phillip S. Woodruff_  7/28/06
Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772
(301) 868-9383
*Plaintiff*

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY, that no later than the next business day from this 28 day of July, 2006, a copy of the above pleading was sent via U.S. Mail, postage prepaid to:

Peter Smith, Asst. U.S. Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

Norman Y. Mineta
Secretary of Transportation
United States Department of Transportation
400 7th Street, S.W.
Washington, D.C. 20590

U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Andrew B. Steinberg, Chief Counsel
U.S. Department of Transportation
FAA
800 Independence Avenue, S.W.
Washington, D.C. 20591

_____
Phillip S. Woodruff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,            )
                                )
    Plaintiff,                  )
                                )
v.                              )
                                )
                                ) Case No.: 05-CV-2071 (PLF)
                                )
U.S. Department of Transportation, )
Federal Aviation Administration )
                                )
    Defendants                  )
                                )
                                )

## REQUEST FOR JURY TRIAL

Plaintiff, Phillip S. Woodruff, respectfully request this Court for a Jury Trial in the above captioned matter.

Respectfully submitted,

_____
Phillip S. Woodruff

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY, that no later than the next business day from this __28__ day of __July__, 2006, a copy of the above pleading was sent via U.S. Mail, postage prepaid to:

Peter Smith, Asst. U.S. Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

Norman Y. Mineta
Secretary of Transportation
United States Department of Transportation
400 7th Street, S.W.
Washington, D.C. 20590

U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Andrew B. Steinberg, Chief Counsel
U.S. Department of Transportation
FAA
800 Independence Avenue, S.W.
Washington, D.C. 20591

_____
Phillip S. Woodruff