UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip S. Woodruff,           )<br>                    Plaintiff,    )<br>             v.                         )     Civil Action No. 05-2071 (PLF)<br>                                          )<br>U.S. Department of Transportation )<br>Federal Aviation Administration,  )<br>                                          )<br>                    Defendants.   )<br>_____) | |

**DEFENDANTS' MOTION TO STRIKE SECOND AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On July 28, 2006, the Clerk's Office filed Plaintiff's Second Amended Complaint. Document No. 25. Defendants, through their undersigned attorneys, respectfully move to strike the Second Amended Complaint from the docket. Plaintiff has not moved for leave to amend his complaint. Even if he were now to do so, such a motion should be denied because the proposed amendment would be futile.[1]

**ARGUMENT**

Pursuant to Rule 15(a), a party may amend a pleading once as of right prior to an opposing party's filing of a responsive pleading. Fed. R. Civ. P. 15(a). Here, Plaintiff already had that opportunity. Am. Compl., Document No. 17, filed April 7, 2006. Defendants moved to dismiss the Amended Complaint and that motion is fully briefed. Since Plaintiff has failed to move the Court to amend his complaint, as he must, it should not have been filed on the Court's docket. Pursuant to Fed. R. Civ. P. 12(f), a party may move to strike from any pleading any

---

[1] Currently pending before the Court is Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment filed on April 25, 2006 (Docket # 18), to which Plaintiff filed an opposition on June 16, 2006 (Docket # 20 ), and to which Defendants filed their reply on June 28, 2006 (Docket # 21).

"redundant, immaterial, impertinent, or scandalous matter." Plaintiff's failure to move the Court for leave to amend his complaint renders his filing "immaterial."

Moreover, even if Plaintiff were to now move the Court to amend his complaint, that motion should be denied. While "leave [to amend a complaint] shall be freely given when justice so requires," the Court should not allow Plaintiff to amend his complaint if doing so would be futile. See James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1077 (1997) ("Courts may deny a motion to amend a complaint as futile ... if the proposed claim would not survive a motion to dismiss."); see also 3 Moore's Federal Practice § 15.15[3], at 15-48 (1999) ("Courts will not grant leave to amend ... when the proposed amendment is legally insufficient and it would be futile to grant leave to amend.").

First, Plaintiff's proposed amendment would be futile because Defendants' Motion to Dismiss or for Summary Judgment would resolve this case were that Motion granted by the Court, regardless of the proposed amendments. Plaintiff purports to be amending his complaint solely to name the proper defendant in a Title VII case, the agency head. Sec. Am. Compl. at 1. Defendants' Motion explained that, inter alia, Plaintiff has failed to set forth a short and plain statement of his claims, the the Court lacks subject-matter jurisdiction over certain of Plaintiff's claims, and certain of Plaintiff's claims fail to state a claim upon which relief may be granted. That is, Plaintiff failed to exhaust certain of his claims, that certain of the claims are barred as having been raised in other fora, certain of the claims are not cognizable under Title VII, and Plaintiff failed to make a short and plain statement of his claims.

Given the arguments presented in Defendant's Motion, it would be futile to allow Plaintiff to amend his complaint as proposed in the proffered Second Amended Complaint.

2

Plaintiff filed his Complaint on October 21, 2005.  Document No. 1.  Defendants moved to dismiss or to transfer the case.  Documents No. 11 and 12.  On March 6, 2006 the Court granted in part and denied in part Defendants' motion to dismiss and denied Defendants' motion to transfer.  Document No. 16.  Plaintiff filed an amended complaint on April 7, 2006, Document No. 17, and Defendants moved to dismiss the amended complaint.  Plaintiff's attempt to name the proper defendant, even if allowed, would not cure the numerous other infirmities in the amended complaint.  For example, the amended paragraphs would not cure the fact that the Complaint fails to make a short and plain statement of Plaintiff's claims or that he has failed to allege an adverse action.

      Ultimately, a plaintiff attempting to establish that he or she suffered an adverse employment action must show "some . . . materially adverse consequences affecting the terms, conditions, or privileges of [his] employment or future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm."  Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999).  This Circuit has noted that a "tangible employment action" is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  Id. at 456 (citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998)); Taylor v. Small, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (same).  Plaintiff complains that in April, 2004 his salary was reduced and his leave without pay status was terminated.  As Defendants' motion makes clear, Plaintiff's salary actually increased and his status was otherwise unaffected.

**CONCLUSION**

For the foregoing reasons, the Court should enter an order directing the Clerk of the Court to strike Plaintiff's Second Amended Complaint from the docket for this case.

        Respectfully submitted,

        s/Kenneth L. Wainstein

        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        s/Rudolph Contreras

        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        s/Peter S. Smith

        PETER S. SMITH, D.C. BAR # 465131
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of August, 2006, a true and correct copy of the foregoing motion to strike second amended complaint was served upon pro se Plaintiff **Phillip S. Woodruff,** by United States mail, postage prepaid, to:

**Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772**

/s/Peter Smith
PETER S. SMITH,  D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372