UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip S. Woodruff,                      ) | |
|            Plaintiff,            ) | |
|       v.                                         ) | Civil Action No. 05-2071 (PLF) |
|                                                    ) | |
| U.S. Department of Transportation  ) | |
| Federal Aviation Administration,    ) | |
|                                                    ) | |
|            Defendants.        ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PERMISSION TO CONDUCT DISCOVERY**

On July 28, 2006, the Clerk's Office filed pro se Plaintiff's Motion for Permission to Conduct Discovery. Document No. 24. The Court should deny that motion because it is premature.

First, the Federal Rules of Civil Procedure do not allow discovery prior to the initial scheduling conference in a case. Fed. R. Civ. P. 26(d) and (f). That has not yet occurred in this case and Plaintiff's one-page motion does not provide any rationale for the Court to depart from the Rules.

Second, Defendants' motion to dismiss or for summary judgment currently is pending before the Court. The Court should not allow its resources to be spent overseeing discovery in this case when Defendants have demonstrated that Plaintiff's claims are meritless.

Third, Plaintiff purports to move pursuant to Fed. R. Civ. P. 56(f), but his motion fails to comply with the clear language of the rule. Plaintiff has not attached any affidavit describing the specific discovery he needs as required by the rule. Fed. R. Civ. P. explicitly states that:

> Should it appear from the affidavits of a party opposing the motion [under Rule 56] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or

may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . .

Fed. R. Civ. P. 56(f).  A party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington, 699 F.2d 1274, 1278 n. 6 (D.C. Cir. 1983); but see First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988) (recognizing exception where filing an affidavit is not essential to preserve Rule 56(f) contention as long as the district court was alerted to the need for further discovery), distinguished by Novecon, LTD v. Bulgarian-American Enterprise Fund, 977 F.Supp 52 (D.D.C. 1997).  The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion.  Byrd v. Envtl. Prot. Agency, 174 F.3d 239, 248 N.8 (D.C. Cir. 1999).  The rule's text plainly refers to an affidavit setting forth the reasons that the party cannot oppose the pending Rule 56 motion but instead requires additional discovery.  Here, Plaintiff has not provided an affidavit detailing any needed discovery.

Finally, Plaintiff's motion is untimely because he did in fact file an opposition to Defendants' dispositive motion.  Filing an opposition both undercuts Plaintiff's argument under Rule 56(f), since Rule 56(f) applies to situations where a party cannot respond to a motion for summary judgment without further discovery, and is inconsistent with the Rule's text.  Rule 56(f) is, by its very terms, a mechanism for a party that cannot file an opposition to a Rule 56 motion, to obtain additional discovery so that it may later do so.  See Cloverleaf, 699 F.2d at 1278 n.6.  Here, Mr. Woodruff filed a lengthy opposition to Defendants motion.  Clearly, Mr. Woodruff

could and did respond to Defendant's motion and thus his "motion" under Rule 56(f) must be denied.  Plaintiff has waited until now, when Defendants' motion is fully briefed, to move the Court to allow discovery.  Plaintiff has waived this belated attempt to avoid dismissal of his lawsuit through Fed. R. Civ. P. 56(f) and Plaintiff's motion is untimely.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to conduct discovery.

Respectfully submitted,

s/Kenneth L. Wainstein

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/Rudolph Contreras

RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

s/Peter S. Smith

PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of August, 2006, a true and correct copy of the foregoing opposition to motion for leave to conduct discovery was served upon pro se Plaintiff **Phillip S. Woodruff,** by United States mail, postage prepaid, to:

**Phillip S. Woodruff**
**10812 Brookwood Avenue**
**Upper Marlboro, MD 20772**

/s/Peter Smith
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372