UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,         )
                             )
    Plaintiff,               )
                             )
v.                           )   Case No.: 05-CV-2071 (PLF)
                             )
NORMAN Y. MINETA, Secretary  )
United States Department of Transportation, et )
al                           )
                             )
    Defendants               )
                             )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION TO CONDUCT DISCOVERY

1.  Plaintiff, Phillip S. Woodruff, filed a motion for permission to conduct discovery on or about July 28, 2006.

2.  Defendants have not proven at all that Plaintiff's claims are meritless. As this court decided in *Hite v. Leeds Weld Equity Partners IV, LP*, 429 F. Supp. 2d 110, "In re *Polaroid*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005); *In re WorldCom*, 263 F.Supp.2d 745, 759-60 (S.D.N.Y.2003); *see also Primax Recoveries, Inc. v. Lee*, 260 F.Supp.2d 43, 47 (D.D.C.2003) (holding in the context of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction that a "plaintiff is required only to assert, not to prove.... in its complaint"). The plaintiffs' allegation... in its complaint therefore is sufficient."

3.  Defendants seek to misrepresent Rule 26(d)(f). The *Pro se* Plaintiff has made every effort to comply with all the rules of the Court. Plaintiff consulted with the Clerk's office and the *pro se* information personnel. Plaintiff did in fact provide an affidavit dated July 28,

RECEIVED

AUG 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2006. (Exhibit 1) The Plaintiff has attached an additional affidavit dated August 18, 2006, that notes the reasons that additional discovery is required. (Exhibit 2)

Rule 56(f) of the Federal Rules of Civil Procedure provides that: "Should it appear from the affidavits of the party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

The policy behind Fed.R.Civ.P. 56(f) is straightforward: "Summary judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his opposition." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 521-22 (10th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). "The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under 56(e) **and is designed to safeguard against a premature or improvident grant of summary judgment.**" (emphasis added) *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) (quoting 10A Wright, Miller, & Kane, Federal Practices and Procedure §2740 (1983)). See, *Miller v. United States Department of Transportation*, 710 F.2d 656, 666 (10th Cir. 1983) ("**[D]iscovery is strongly favored and generally denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error, particularly in the face of a Rule 56(f) affidavit.**") (emphasis added)

Consistent with its underlying policy, courts treat Rule 56(f) motions and affidavits liberally: "Unless dilatory or lacking ill merit, the motion should be liberally treated.'" *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521-22 (quoting James W.

Moore & Jeremy C. Vicker, Moore's Federal Practice 56.24 (1988)). See, *Jensen v. Redev. Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993); *RTC Mortgage Trust 1994-S3 v. Guadalupe Plaza*, 918 F.Supp. 1441, 1448 (D.N.M. 1996).

4.  There is genuine issue of material facts in this case that are disputed and the Plaintiff cannot fully answer the misimpressions of the Defendants without additional discovery. The Court at any time can direct discovery. Thus the Plaintiff has requested from the court to begin discovery in this matter.

5.  Defendants do not want to allow discovery but Defendants know that discovery will show that they have misrepresented the facts in this case. Defendants want to deny the Plaintiff every opportunity to show this fact.

6.  The Defendant continues to misrepresent the case in stating that it is the same case that is before the United States Court of Appeals for the District of Columbia. This is most certainly not true. While the case before the Appeals court involves the same defendant agency – it **does not involve the same time, actions, people or remedies.**

**WHEREFORE,** for all the reasons stated above, Plaintiff respectfully requests this court to order Discovery in this matter; DENY the Defendant's Motion for Summary Judgment, and schedule the matter for a jury trial.

Respectfully submitted,

/s/ Phillip Woodruff
Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772
(301) 868-9383
*Pro se Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,           )
                               )
   Plaintiff,                  )
                               )
v.                             )
                               ) Case No.: 05-CV-2071 (PLF)
Norman Y. Mineta, Secretary    )
U.S. Department of Transportation, )
Federal Aviation Administration, Agency )
                               )
   Defendants                  )
                               )
_____)

## AFFIDAVIT OF PHILLIP S. WOODRUFF

I Phillip S. Woodruff (Plaintiff) voluntarily and knowingly make the following statements:

1. Plaintiff is on total disability due to work related injuries.

2. The agency has refused to offer any job with accommodations.

3. The agency did not extend Plaintiff's LWOP until Plaintiff could return to work.

4. Plaintiff was terminated from his GM-15 position in June 2004.

5. The SF50 (official personnel action) allegedly corrected in this matter was not received until July 2005, after the agency terminated Plaintiff from his position. This SF50 is still incorrect.

6. Plaintiff's SF50s were never corrected to show all promised salary increases.

7. Plaintiff's SF50s were again changed to show another decrease in salary.

8. Plaintiff has been forced to retire from the FAA.

9. Further adverse personnel actions have occurred.

10. Reprisal and discrimination have continued.

15  *Exhibit One*

Respectfully submitted,

_____
Phillip S. Woodruff

7/28/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF, )
)
    Plaintiff, )
)
v. )
) Case No.: 05-CV-2071 (PLF)
U.S. Department of Transportation, )
Federal Aviation Administration )
)
    Defendants )
)
)
)
)

## AFFIDAVIT OF PHILLIP S. WOODRUFF

I Phillip S. Woodruff (Plaintiff) voluntarily and knowingly make the following statements:

Plaintiff does not either admit nor deny each and every of the averments or affidavits made by the Defendant. However, Plaintiff notes the following:

1. Plaintiff seeks to take the depositions of Davita Morrison and others who were involved in the decision-making and preparation of the SF50s. Plaintiff believes that this discovery will show that the SF50s were "manufactured" by the Defendant. Plaintiff also believes that the depositions of the parties involved will show that the actions of the Defendants were arbitrary and capricious, and that there was pretext.

2. Plaintiff requests the opportunity to request Interrogatories and Request for Production of Documents upon Defendant. These interrogatories and documents will show that these documents were in fact manufactured. That this was reprisal action against the Plaintiff by the Defendant.

Exhibit Two

3.   Discovery will in fact show that the Plaintiff's salary was reduced.

4.   Discovery in the way of interrogatories, document requests and depositions will show that the actions of the Defendants were arbitrary, capricious and retaliatory.

5.   Discovery will show that these actions have affected Plaintiff's retirement benefits, insurance benefits, etc.

                                                      Respectfully submitted,

                                                      _/s/ Phillip S. Woodruff_
                                                      Phillip S. Woodruff

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY, that no later than the next business day from this __18__ day of __August__, 2006, a copy of the above pleading was sent via U.S. Mail, postage prepaid to:

Peter Smith, Asst. U.S. Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

Norman Y. Mineta
Secretary of Transportation
United States Department of Transportation
400 7th Street, S.W.
Washington, D.C. 20590

U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Andrew B. Steinberg, Chief Counsel
U.S. Department of Transportation
Federal Aviation Administration
800 Independence Avenue, S.W.
Washington, D.C. 20591

_____
Phillip S. Woodruff