UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Phillip S. Woodruff,           )<br>        Plaintiff,            )<br>            v.                )       Civil Action No. 05-2071 (PLF)<br>                              )<br>U.S. Department of Transportation  )<br>Federal Aviation Administration,   )<br>                              )<br>        Defendants.         )<br>_____)| |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE
SECOND AMENDED COMPLAINT**

On July 28, 2006, the Clerk's Office filed pro se Plaintiff's Second Amended Complaint, Document No. 25, although Plaintiff had not sought leave of the Court for that filing. Defendants then moved to strike the Second Amended Complaint from the docket. In response to Defendants' motion, Plaintiff argues that he only changed the party listed as the defendant in this case and that his filing is permitted under Fed. R. Civ. P. 15(c). Rule 15(c) governs the "relation back" of amendments to pleadings, it does not alter the requirements of Rule 15(a), providing that subsequent to the filing of an answer or an earlier amendment, "a party may amend the party's pleading only by leave of court. . . ." Fed. R. Civ. P. 15(a).

In Scarborough v. Principi, 541 U.S. 401, 418 (2004), the United States Supreme Court discussed the history and application of the relation-back doctrine. The Supreme Court noted that the relation back doctrine arose from the court's equitable powers and concerns the timeliness of a party's pleading. For example, the Rule could allow a party's amendment to "relate back" to its initial pleading date in order that the lawsuit would not be dismissed on statute of limitations grounds. That is not the situation here.

While "leave [to amend a complaint] shall be freely given when justice so requires," the Court should not allow Plaintiff to amend his complaint if doing so would be futile. See James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 1077 (1997) ("Courts may deny a motion to amend a complaint as futile ... if the proposed claim would not survive a motion to dismiss."); see also 3 Moore's Federal Practice § 15.15[3], at 15-48 (1999) ("Courts will not grant leave to amend ... when the proposed amendment is legally insufficient and it would be futile to grant leave to amend.").

Defendants' Motion explained that, inter alia, Plaintiff has failed to set forth a short and plain statement of his claims, the Court lacks subject-matter jurisdiction over certain of Plaintiff's claims, and certain of Plaintiff's claims fail to state a claim upon which relief may be granted. Plaintiff's attempt to name the proper defendant, even if allowed, would not cure the numerous other infirmities in the amended complaint. For example, the amended paragraphs would not cure the fact that the Complaint fails to make a short and plain statement of Plaintiff's claims or that he has failed to allege an adverse action.

For the foregoing reasons, the Court should enter an order directing the Clerk of the Court to strike Plaintiff's Second Amended Complaint from the docket for this case.

        Respectfully submitted,

        s/Kenneth L. Wainstein

        KENNETH L. WAINSTEIN, D.C. BAR # 451058
        United States Attorney

        s/Rudolph Contreras

        RUDOLPH CONTRERAS, D.C. BAR #  434122
        Assistant United States Attorney

        s/Peter S. Smith

        PETER S. SMITH, D.C. BAR # 465131
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 307-0372

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of August, 2006, a true and correct copy of the foregoing reply in support of motion to strike second amended complaint was served upon pro se Plaintiff **Phillip S. Woodruff,** by United States mail, postage prepaid, to:

**Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772**

          /s/Peter Smith
PETER S. SMITH, D.C. Bar #465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372