UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,                )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    ) Case No.: 05-CV-2071 (PLF)
Norman Y. Mineta, Secretary         )
U.S. Department of Transportation,  )
Federal Aviation Administration, Agency )
                                    )
    Defendants                      )
                                    )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Phillip S. Woodruff, ("Woodruff") and respectfully submits this response and in furtherance thereof states:

The Plaintiff believes that he has complied with what the Court has asked and has shown that this is a prima facie case and that there is pretext in the agency's actions, and that there are genuine issues of material facts. The Plaintiff believes that the law provides entitlement to the jury trial that is necessary and appropriate to decide on these matters.

The Defendants with their continued misimpressions is confusing the court with documents and cases that are irrelevant to this matter, that are simply not related to this case, and occurred long before this instant action.

1.   **Plaintiff has Not Raised the Same Claims Against the Same Defendants**

Plaintiff's Amended Complaint does not allege a "a myriad of vague and conclusory allegations, some or all of which *appear (emphasis added)* to have been raised in other lawsuits

JUL 28 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

currently pending in this district or before the United States Court of Appeals for the District of Columbia."

The Defendant continues his misimpressions before the court stating that the claims in this case are identical to those that are currently on appeal. This simply is not true. The case on appeal deals with matters involving ***different events and different people at different times prior to*** April 2004.

As previously noted by Plaintiff, the complaint before this Court specifically deals with the actions taken on or about April 2004 up until the filing of the EEO Complaint. In both cases the agency did attempt to force the Plaintiff to retire, by discriminatory acts and reprisal. However, these acts in this complaint are *specific* to the period beginning on or about April 2004 to the filing of the complaint only.

Plaintiff notes the agency's history of similar actions, but this specific complaint deals only with those actions that are particular to the April 2004 adverse personnel action that reduced pay, terminated Plaintiff's LWOP, terminated employment and forced retirement on or about June 28, 2004.

The Defendant is highly selective in what he discusses and in doing so creates misimpressions about the evidence.

Plaintiff does not state in his Amended Complaint or his Oppositions that he is not claiming disability discrimination. One only need to read Paragraph 1 of the Amended Complaint to see that this is not true. Plaintiff is on total disability from a work related injury and is receiving workers' compensation benefits.

In April 2004, the Defendants sought to cancel Plaintiff's LWOP, change his salary, and refuse him the right to return to work. And as already noted – this case involves ONLY the

2

actions taken against the Plaintiff by the agency, on or about **April 2004** through the filing of the Complaint, and involves the termination action of June 28, 2004 – **THAT ARE SPECIFIC TO THAT TIME AND THAT TIME ONLY**.

The counselors own report (pg. 44 of Defendant's Exhibit No. 2) notes **"This action is separate and distinct from all others."**

This case is NOT a part of what the Defendants refer to as the Second Amended Complaint filed with the U.S. District Court that is currently on Appeal with the U.S. Court of Appeals, **nor** is this EEO Claim a part of the "third EEO claim" filed by Plaintiff previously, and now part of the Second Amended Complaint, that is on appeal. The case on Appeal deals with actions against the Plaintiff long before the 2004 action.

The matter before this court clearly belongs before the U.S. District Court as Plaintiff has exhausted all administrative remedies with the EEOC, and is clearly allowed, as a matter of law, to file this claim before the U.S. District Court following a final ruling by the U.S. Equal Employment Opportunity Commission.

    2.    <u>Plaintiff does not Concede that Many of the Allegations Included in The Amended Complaint were not Exhausted Administratively</u>

The agency again causes misimpressions about the evidence presented by the Plaintiff. The Plaintiff has used history in this specific case to show how the agency works. However, Plaintiff does NOT say that the allegations specifically related to April 2004 were not exhausted administratively. The agency is trying to mix apples and oranges and thus confuse the Court. Plaintiff clearly exhausted all administrative remedies before filing this suit and the record shows the same.

Plaintiff has clearly demonstrated that he sought timely EEO counseling and fully exhausted all administrative remedies before filing this complaint.

3.  <u>Plaintiff has put Forth Sufficient Evidence to Overcome Summary Judgment</u>

Unless the moving party can establish that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, summary judgment is not appropriate. *Breen v. Dep't of Transp.* 282 F. 3d at 841 (*citing Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 247 (1986)). This Court "must review the evidence in the light most favorable to the non-moving party." *Breen*, 282 F. 3d at 841; *Aka II,* 156 F. 3d at 1288. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255. The district court should not intrude on the function of the jury by granting summary judgment. Credibility determinations, weighing of evidence, and drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether his ruling is on motion for summary judgment or for directed verdict; evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. <u>Fed.Rules Civ.Proc.Rules 50(a), 56(c), 28 U.S.C.A.</u> The Plaintiff has shown that there is substantial genuine issues of material fact that must be decided by a jury. Trial court should not act other than with caution in granting summary judgment and may deny summary judgment where there is reason to believe that the better course would be to proceed to a full trial. <u>Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A.</u> To defeat summary judgment respondents did not have to show that a jury could find actual malice with "convincing clarity." The court based this conclusion on a perception that to impose the greater evidentiary burden at summary judgment "would change the threshold summary judgment inquiry from a search for a minimum of facts supporting the plaintiff's case to an evaluation of the weight of those facts and (it would seem) of the weight of at least the defendant's uncontroverted facts as well." <u>241 U.S.App.D.C., at 253, 746 F.2d, at 1570.</u> The court then held, with respect to nine of the statements, that summary

judgment had been improperly granted because "a jury could reasonably conclude that the ... allegations were defamatory, false, and made with actual malice." Id., at 260, 746 F.2d at 1577.

Plaintiff has responded to Defendant's Statements of Facts and the Plaintiff has set forth a sufficient and detailed Statement of Facts and issues for trial. It is the Defendant, however, who does not like Plaintiff's response and thus is trying to misrepresent and change the interpretation of what the Plaintiff has said. The Defendant itself cannot specifically state what facts and issues are not sufficient. The Defendant only makes elusory and vague statements against the Plaintiff. Plaintiff has shown that there are genuine issues of material facts and issues in dispute and that it is mandated by law that these go before a jury.

As noted in Celotex, "There is no requirement that moving party support its motion with affidavits or other similar materials negating the opponent's claim; and nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex v. Catrett,* 477 U.S. 317 (1986)

Plaintiff has submitted sufficient evidence to pass the summary judgment test. However, if the court feels that additional information is needed then the court should refuse the motion for summary judgment or allow discovery as is noted in Fed. R. Civ P. 56(f):

> **Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.**

The Defendant states that the Plaintiff did not file an affidavit according to the above noted rule, however, as the Plaintiff reads this Rule, it is the Court who makes this decision as to whether or not the Plaintiff will be allowed the affidavits, depositions and discovery.

As cited in *Carter v. Greenspan,* 304 F. Supp. 2d 13, "As in general disparate treatment cases, "adverse personnel action" can result from retaliatory actions of management that have materially adverse consequences affecting terms, conditions, or privileges of employee's position." Civil Rights Act of 1964, § 704(a), as amended, 42 U.S.C.A. § 2000e-3(a).

> **Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So for example: where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition.**
> **Fed. R. Civ. Proc. 56(f) 1963 Amendment.**

Plaintiff has requested previously that discovery be permitted.

The District Court should hear the case on its merits of these claims. There is genuine issue of material facts regarding the exhaustion of administrative remedies, the claims actually made by the Plaintiff, and whether or not the actions by the agency were adverse actions. These are issues that are to be determined by a jury. "[i]t is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to *249 trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, *all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.*" (Emphasis added) 391 U.S. at 288,289, 88 S. Ct. at 1592. Genuine issues of material fact exist in whether or not this is just an "paperwork" error as the agency alleges, whether or not these actions affect the Plaintiff's retirement benefits and insurance benefits, whether or not the agency had ever intention to force

6

Plaintiff to retire. Additional discovery, that has not yet been done, and there is prima facie evidence that will show that the agency had pretext in ending Plaintiff's affiliation with the FAA; that they had no intention to have the Plaintiff ever return to his position if and when he would have been able to do so.

"To be certain, Rule 56 "*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added). Plainly, Rule 56 means what it says: "judgment ... shall be rendered *forthwith* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Plaintiff has not had an opportunity to conduct discovery in this matter. Discovery will show the acts of the agency were not just a mere paperwork error, and that there was pretext to end Plaintiff's LWOP, reduce his salary, and force Plaintiff to retire. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.A. Plaintiff has shown that the agency took no action to change the LWOP status or his salary until after he had contacted his Congressman and Senator, well after his contact with the EEO counselor and his complaint has been filed. In addition, the documents show that all SF50s were backdated several months following Plaintiff's contact with his Senator and Congressman. Discovery will also show that the Plaintiff's current salary has again been reduced, that his actual retirement pay benefits and insurance benefits are in fact affected by this reduction in salary and that he has been forced to retire due to the actions of the agency. Discovery will also show that the agency

had no intention to ever allow the disabled Plaintiff to return to his position with the FAA. Even without the discovery, Plaintiff has met the burden and summary judgment is inappropriate.

> **The amendment is not intended to derogate from solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary.**
> **Fed. R. Civ. Proc. 56(f) 1963 Amendment**

4. <u>Plaintiff can Prove to a Jury that his Salary was Reduced, that he was Forced to Retire, and can prove a *Prima Facie Case*</u>

The Defendant continues to misrepresent the information in the SF50s and the actions of the agency toward the Plaintiff. The Plaintiff unquestionably can prove to the jury that his salary is reduced and that he was forced to retire due to the actions of the agency. Additional discovery will show that the agency's actions are pretext, malicious and discriminatory against the Plaintiff. These documents exist to show this and additional discovery and depositions will show this as well. The Defendant is afraid to allow discovery to go forward and for this case to go before a jury precisely because of these facts. And the Defendants' know that the jury will reach the same conclusions as the Plaintiff.

In addition, the Plaintiff has clearly provided detailed evidence that shows reprisal and discrimination.

5. <u>Plaintiff has shown that there is Pretext</u>

Even if the Defendant has met his burden to put forth legitimate, nondiscriminatory reasons for the action in question, Plaintiff has offered sufficient evidence that the agency's stated reasons "were not true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.* 530 U.S. 133, 143 (2000). Having a made out a *prima facie case,* a plaintiff need only present "sufficient evidence to reject the employer's explanation" to

defeat judgment as a matter of law. *Id.* at 149, see *Aka II*, 156 F. 3d at 1290 (rejecting rule "under which employment discrimination plaintiffs would be routinely required to submit evidence over and above rebutting the employer's stated explanation in order to avoid summary judgment").

Plaintiff notes that the agency cancelled his LWOP with full knowledge that he would have to retire as they would not allow him to return to work and they knew that the Plaintiff could not return to work at that time. The agency has decreased his salary (despite their attestation to the contrary) fully knowing the effect this would have on Plaintiff's retirement and life insurance and other benefits. The Defendants have admitted in testimony that they had no position for the Plaintiff to return to and they did NOT want him to return if Plaintiff's doctors ever released him to work.

There is abundant evidence in the record in which a jury could conclude that the acts of the agency are motivated to discriminate and retaliate against the Plaintiff. For example: It is well documented that the DSZ has a history with the Agency and is hired by the Agency to rid the agency of employee complaints. Thus summary judgment would be inappropriate.

All evidence between the Plaintiff and the Defendant must be presented before a jury to make the required determinations of discrimination and reprisal against the Plaintiff.

6. <u>Plaintiff has Properly and Clearly Complied with Fed. R. Civ. P. 8(a) and 10(b)</u>

As cited in *Carter v. Greenspan,* 304 F. Supp. 2d 13, "As in general disparate treatment cases, "adverse personnel action" can result from retaliatory actions of management that have materially adverse consequences affecting terms, conditions, or privileges of employee's position." Civil Rights Act of 1964, § 704(a), as amended, <u>42 U.S.C.A. § 2000e-3(a)</u>.

The District Court should hear the case on its merits of these claims. There is genuine issue of material facts regarding the exhaustion of administrative remedies, the claims actually made by the Plaintiff, and whether or not the actions by the agency were adverse actions. These are issues that are to be determined by a jury. "[i]t is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to *249 trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, *all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.*" (Emphasis added) 391 U.S. at 288,289, 88 S. Ct. at 1592. Genuine issues of material fact exist in whether or not this is just an "paperwork" error as the agency alleges, whether or not these actions affect the Plaintiff's retirement benefits and insurance benefits, whether or not the agency had ever intention to force Plaintiff to retire. Additional discovery, that has not yet been done, and there is prima facie evidence that will show that the agency had pretext in ending Plaintiff's affiliation with the FAA; that they had no intention to have the Plaintiff ever return to his position if and when he would have been able to do so.

As noted in Celotex, "There is no requirement that moving party support its motion with affidavits or other similar materials negating the opponent's claim; and nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex v. Catrett,* 477 U.S. 317 (1986)

The Defendant would like the Court to believe that the Plaintiff has not complied with these rules. But just because the Defendant chooses to misrepresent and misinterpret Plaintiff's claims that does not mean the claims were not clearly presented. Plaintiff has clearly noted in both his Complaint and Amended Complaint and Oppositions the issues and cause of action. The

Defendants simply choose to ignore these claims as they do not want to defend them. The Defendants offer no persuasive evidence to the contrary. Thus summary judgment is again inappropriate.

## CONCLUSION

For all the reasons set forth above, the Court should deny Defendant's Motion to Dismiss and or in the alternative for Summary Judgment and proceed with discovery and a jury trial on all claims.

Respectfully submitted,

_____ 7/28/06
Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD  20772
*Pro se Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF,          )
                              )
    Plaintiff,                )
                              )
v.                            )
                              ) Case No.: 05-CV-2071 (PLF)
Norman Y. Mineta, Secretary   )
U.S. Department of Transportation, )
Federal Aviation Administration, Agency )
                              )
    Defendants                )
                              )
                              )

## AFFIDAVIT OF PHILLIP S. WOODRUFF

I Phillip S. Woodruff (Plaintiff) voluntarily and knowingly make the following statements:

1. Plaintiff is on total disability due to work related injuries.

2. The agency has refused to offer any job with accommodations.

3. The agency did not extend Plaintiff's LWOP until Plaintiff could return to work.

4. Plaintiff was terminated from his GM-15 position in June 2004.

5. The SF50 (official personnel action) allegedly corrected in this matter was not received until July 2005, after the agency terminated Plaintiff from his position. This SF50 is still incorrect.

6. Plaintiff's SF50s were never corrected to show all promised salary increases.

7. Plaintiff's SF50s were again changed to show another decrease in salary.

8. Plaintiff has been forced to retire from the FAA.

9. Further adverse personnel actions have occurred.

10. Reprisal and discrimination have continued.

Respectfully submitted,

_____
Phillip S. Woodruff

7/28/06

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY, that no later than the next business day from this 28 day of July, 2006, a copy of the above pleading was sent via U.S. Mail, postage prepaid to:

Peter Smith, Asst. U.S. Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

Norman Y. Mineta
Secretary of Transportation
United States Department of Transportation
400 7th Street, S.W.
Washington, D.C. 20590

U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Andrew B. Steinberg, Chief Counsel
U.S. Department of Transportation
FAA
800 Independence Avenue, S.W.
Washington, D.C. 20591

/s/ Phillip S. Woodruff
Phillip S. Woodruff